opinion of the court
Alan Broomer, J.
This is an article 78 proceeding, essentially attacking petitioner’s release date fixed by the Department of Correction and for other collateral relief. Petitioner challenges a determination by the department refusing to run a subsequently imposed State prison sentence and a subsequently imposed Federal sentence, concurrently with an undischarged State prison sentence arising out of a violation of his parole on an earlier sentence.
Additionally he seeks:
(1) Amendment of his original petition;
(2) A writ of habeas corpus;
(3) A waiver of his physical production;
(4) An order directing his immediate restoration to parole.
Items No. 1 and 3 are granted, Item No. 2 is denied.
*48 Petitioner was originally sentenced on September 18, 1973, in the County of Bronx, to serve a term in State prison of from 3Vz years to a maximum of 10 years on his conviction of robbery.
He was paroled on that sentence on September 21,1977.
Thereafter and while on parole, defendant committed two additional robberies.
On one he was sentenced in Federal court on April 5, 1979, to two years.
On the second robbery conviction (which crime was committed prior to September 1, 1978), he was sentenced in State court on April 20,1979, to a term of lVz to 3 years to run concurrently with his Federal sentence of two years.
Notice of his parole violation was served on petitioner on November 24,1978, at which time he waived a preliminary hearing.
A hearing was scheduled for January 26, 1979. On that date the matter was adjourned until February 16, 1979 at petitioner’s attorney’s request.
A new hearing date was fixed for February 20,1979 after the parole officer failed to appear on the 16th.
On February 20, 1979, petitioner’s attorney failed to appear and the matter was adjourned until March 9, 1979 a day subsequent to the date of petitioner’s Federal sentence.
Notice was sent to petitioner of a hearing for March 16, 1979 — no hearing was held that day.
On March 22, 1979 a parole violation hearing was commenced in the course of which petitioner, represented by counsel, pleaded guilty to among other violations of his parole, the robbery underlying his yet to be imposed State sentence of lVz to 3 years.
No action was taken by the hearing officer other than to indicate that a final decision made by a member of the Parole Board would be mailed to the petitioner.
On March 27, 1979, the hearing officer filed a written recommendation that the violation be sustained. His recommendation was approved by a member of the board on April 12, 1979 and by written order directed petitioner’s parole revoked and his return to prison.
*49 Section 259-i (subd 3, par [f], el [i]) of the Executive Law provides that a revocation hearing must be held within 90 days of a finding of probable cause (established herein by petitioner’s waiver on November 24, 1978). However, the 90 days may be extended by petitioner’s actions.
I find the hearing was timely conducted within 80 days chargeable to the parole authorities; petitioner was responsible for 38 days of the period.
Accordingly since he received a hearing within the statutory period of 90 days, Item No. 4 is denied.
Since petitioner’s parole revocation hearing was timely conducted, he is properly held as a parole violator and owes 4 years, 8 months and 2 days less any good time and jail time which may be credited.
The disagreement centers on his release date, which in turn is determined by how the various sentences are to be aggregated.
The department contends the State sentences must run consecutively with the Federal sentence and indeed they do not credit him with any time served prior to his release from Federal custody and his receipt back into the State system on July 27, 1980. They maintain both the Federal and State Judges cannot and did not cause his undischarged State parole sentence, earlier imposed, to run concurrently with their subsequently imposed sentences.
Petitioner contends it was the intention of both Judges to run their sentences concurrently and since the two State sentences “merge,” with the greater absorbing the lesser, all of the sentences should run concurrently, commencing with the imposition of the Federal sentence and terminating with the expiration of the longer of the State sentences — the parole sentence.
The right answer depends upon the interaction of several, seemingly contradictory provisions of State law.
Since the State court made no provision for its sentence to run consecutively with any parole time owed, by statute, its sentence must run concurrently thereto. (Penal Law, § 70.25, subd 1; see § 70.25, subd 2-a, for applicability to crimes committed after September 1, 1978.) The result of concurrency is to merge the maximum terms; the sen *50 tences are satisfied by the expiration of the longer term, i.e., the parole time owed (4 years, 8 months and 2 days). (Penal Law, § 70.30, subd 1, par [a].)
Petitioner as a delinquent parolee, ordinarily would begin to serve the time he owed on his original sentence upon his return “to an institution under the jurisdiction of the state department of correction.” (Penal Law, § 70.40, subd 3, par [a].) His newly imposed State sentence similarly would ordinarily commence when he “is received in an institution under the jurisdiction of the state department of correctional services.” (Penal Law, § 70.30, subd 1.)
Since petitioner received his State sentence on April 20, 1979, he should have been received by the State institution shortly thereafter fixing his adjusted maximum expiration date at January 23,1984, providing for a possible adjusted conditional release date (with credit for good time of 1 year, 6 months and 21 days) of June 1, 1982.
However before either State sentence commenced, defendant had to serve his Federal sentence imposed on April 5, 1979. The Federal sentence could not be made to run concurrently with either of the State sentences. (See United States v Huss, 520 F2d 598.)
Since the Federal sentence was first imposed (apparently at defendant’s desire — see Federal sentence minutes) it was the first served. Only upon his discharge from Federal custody and his receipt thereafter by the State did his State sentences begin to run concurrently. This analysis is correct as far as it goes.
Subdivision 2-a of section 70.30 of the Penal Law (as added by L 1975, ch 782, § 3) now authorizes the imposition of a State sentence which can be served concurrently with the undischarged portion of a previously imposed Federal sentence, at the Federal institution. (See, also, Penal Law, § 70.20, subd 3.)
Since the State court herein directed that the State sentence was to run concurrently with the previously imposed Federal sentence and by statute (Penal Law, § 70.25, subd 1) the State sentence had to run concurrently with the parole time owed, all sentences must run concurrently and *51 all sentences commence to run from the day petitioner was received at the Federal prison to start his Federal sentence. (See US Code, tit 18, § 3568.)
Therefore, the respondents herein are directed to recompute petitioner’s release time by changing the operative date, now denominated “Date Received Back Into Department” to “Date Received at Federal Correctional Institute,” as the date of commitment for computation of State time and roll back the “Expiration date” by the difference in the two periods.