■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY LAW, Appellant. [605 NYS2d 943] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered March 30, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the matter is remitted to the County Court, Suffolk County, to hear and report on the question of whether the defendant was present at the *Sandoval* hearing, and the appeal is held in abeyance in the interim.

The defendant contends that he was not present during the

*Sandoval* hearing and that, therefore, his conviction must be reversed *(see, People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656). The *Sandoval* hearing was held in chambers, and the record is silent as to whether the defendant was present *(cf., People v Robinson,* 191 AD2d 523, where the *Sandoval* hearing was held in open court). Although we find that the defendant's presence at the *Sandoval* hearing would not have been merely "superfluous" because the *Sandoval* ruling was not "wholly favorable" to him *(see, People v Favor, supra),* the threshold factual issue as to the defendant's presence or absence at the *Sandoval* hearing must be resolved before this appeal is decided. Thus, the appeal is held in abeyance and the case is remitted to the trial court for a hearing on this matter *(see, People v Mitchell,* 189 AD2d 337; *People v Rose,* 172 AD2d 230, *on appeal following remand* 175 AD2d 32, *affd* 80 NY2d 802; *People v Laracuente,* 125 AD2d 705). Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.