■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY LAW, Appellant. [610 NYS2d 834] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Mazzei, J.), rendered March 30, 1990, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. By decision and order of this Court dated December 6, 1993, the matter was remitted to the County Court, Suffolk County, to hear and report on whether the defendant was present at the *Sandoval* hearing, and the appeal was held in abeyance in the interim *(People v Law,* 199 AD2d 282). The County Court (Vaughn, J.), has now complied.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact were raised or considered.

The defendant was convicted of murder in the second degree, after shooting a man who was arguing with a female acquaintance.

After remittitur of this case for a factual reconstruction hearing (Vaughn, J.), it was determined that the defendant was not present at the *Sandoval* hearing *(see, People v Odiat,* 82 NY2d 872). Because the *Sandoval* ruling was not "wholly favorable" to the defendant, his absence requires reversal of his conviction even though his claim was not preserved for appellate review *(see, People v Michalek,* 82 NY2d 906; *People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656). We note that the hearing court also determined that the defendant did not waive his right to be present. Mangano, P. J., Thompson, Sullivan and Ritter, JJ., concur.