■ THE PEOPLE OF THE STATE OF NEW, Respondent, v DERRICK PARCHMENT, Appellant. [630 NYS2d 778] —Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Fertig, J.), rendered June 13, 1989, convicting him of attempted murder in the second degree, attempted robbery in the first degree, assault in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree under Indictment No. 9580/87, upon a jury verdict, and imposing sentence, and (2) an amended judgment of the same court, also rendered June 13, 1989, revoking a sentence of probation previously imposed upon a finding that he had violated a condition thereof, upon his admission, and imposing a sentence of imprisonment upon his previous conviction of attempted robbery in the second degree under Indictment No. 723/87. By decision and order of this Court dated April 25, 1994, the appeals were held in abeyance, and the matter was remitted to the Supreme Court, Kings County, for a reconstruction hearing to determine whether the defendant was present at the Sandoval hearing conducted on January 4, 1989, under Indictment No. 9580/87 (see, People v Parch-

*ment,* 203 AD2d 595). The Supreme Court, Kings County (Rivera, J.), has now complied.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed upon the defendant's conviction for attempted murder in the second degree under Indictment No. 9580/87; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for resentencing on that count; and it is further,

Ordered that the amended judgment under Indictment No. 723/87 is affirmed.

The matter was remitted for a reconstruction hearing to determine if the defendant was present during the *Sandoval* hearing held under Indictment No. 9580/87. Although there was no dispute that the defendant was initially present in the courtroom, the record was unclear as to whether he was removed before the *Sandoval* hearing was completed. The reconstruction hearing encompassed testimony of the prosecutor and the defense counsel involved in the trial as well as the defendant.

The determination of a hearing court, which has the advantage of hearing and seeing the witnesses, should be upheld unless it is clearly unsupported by the evidence in the record *(see, e.g., People v Prochilo,* 41 NY2d 759; *People v Black,* 214 AD2d 619; *People v Catala,* 198 AD2d 293). The record of the reconstruction hearing supports the court's determination that the defendant was present during the *Sandoval* hearing, which was held in open court, and that the defendant was not removed from the courtroom until after the trial court made its ruling on the *Sandoval* application. Consequently, the defendant's contention that he is entitled to a new trial on this ground is without merit.

The other issues raised by the defendant with respect to his conviction under Indictment No. 9580/87 do not require reversal. The defendant contends that he was deprived of his right to be present during a material stage of the trial because a prospective juror was dismissed for cause after a sidebar conference in violation of the rule in *People v Sloan* (79 NY2d 386). However, as the trial was held prior to the date that *People v Sloan (supra)* was decided, and the rule is not retroactively applied *(see, People v Sprowal,* 84 NY2d 113), we find that his contention is without merit *(see, People v Mills,* 200 AD2d 771).

The defendant further contends that the court erred in denying his challenge for cause to another prospective juror on the ground that her alleged claustrophobia would interfere with

her ability to function as a juror *(see,* CPL 270.20 [1] [a]). This contention cannot be adequately reviewed on this record because the questions to the juror on this issue and her responses were not transcribed *(see, e.g., People v Kinchen,* 60 NY2d 772; *People v Jupiter,* 210 AD2d 431).

The claim that the court unfairly marshalled the evidence in its charge to the jury is unpreserved for appellate review and, in any event, is without merit *(see, People v Saunders,* 64 NY2d 665).

The People concede, and we agree, that the sentence imposed on the defendant's conviction of attempted murder in the second degree is illegal. The court imposed a minimum term of one-half, instead of one-third, the maximum term, on the mistaken belief that attempted murder in the second degree is an armed felony offense *(see, People v Fuller,* 119 AD2d 692; *People v Frawley,* 117 AD2d 613). We therefore vacate the sentence imposed on that count and remit the matter to the Supreme Court, Kings County, for resentencing thereon *(see, People v Aybar,* 202 AD2d 600; *People v Fuller, supra).*

Finally, the amended judgment imposed upon the defendant's conviction under Indictment No. 723/87 is affirmed since the only contention raised by the defendant is that it should be reversed if the judgment under Indictment No. 9580/89 is reversed. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.