■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY COOPER, Appellant. [632 NYS2d 71] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered January 29, 1993, convicting defendant, after a jury trial, of two counts of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Before commencement of jury selection, the court asked defendant if he would waive his right to be present at sidebar conferences where prospective jurors could discuss any personal matters with the court and the attorneys in private. When defendant declined, the court responded that it would not invite such conferences. *People v Antommarchi* (80 NY2d 247) established that a defendant is entitled to be present at sidebar conferences with prospective jurors concerning their backgrounds and ability to weigh the evidence objectively. Neither that case, nor any other case or statute, requires that the court invite prospective jurors to raise private matters at sidebar (*see, People v Mitchell*, 80 NY2d 519, 527). In any event, defendant could have asked prospective jurors if they wanted to discuss anything in private, but did not do so, even after he was given permission when he objected at the end of the first round of questioning. Defendant's claim that this permission came too late is without merit, since the court was willing to call back the jurors who had already been questioned. Defendant's other claim that he was deprived of a fair trial by the prosecutor's summation is without merit insofar as it is preserved. Insofar as it is unpreserved, we decline to review it in the interest of justice. Concur—Sullivan, J. P., Rosenberger, Wallach, Ross and Tom, JJ.