■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL AYALA, Appellant. [637 NYS2d 10] —Judgment, Supreme

Court, New York County (Felice Shea, J.), rendered September 28, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of $5^1/2$ to 11 years, unanimously affirmed.

Defendant's claim that the trial court erred in refusing to conduct sidebar conferences with jurors after defendant declined to waive his *Antommarchi* rights is without merit. As this Court has recently held in *People v Cooper* (220 AD2d 234), while *People v Antommarchi* (80 NY2d 247) established that a defendant is entitled to be present at sidebar conferences with prospective jurors concerning their backgrounds and ability to weigh the evidence objectively, "[n]either that case, nor any other case or statute, requires that the court invite prospective jurors to raise private matters at sidebar". On this record, there is no indication that sidebar voir dire was necessary. While the court denied a request by one of the jurors to approach the Bench during an inquiry as to whether the jurors had been victims of crime, the court asked the juror several questions about the incident, and the juror fully answered the questions in open court. There was no indication that any other jurors had any matters which they wished to discuss in private. Concur—Rosenberger, J. P., Wallach, Rubin, Nardelli and Mazzarelli, JJ.