■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM EVANS, Appellant. [648 NYS2d 308] —Appeal by the defendant from two judgments of the Supreme Court, Queens County (Finnegan, J.), both rendered January 23, 1992, convicting him of robbery in the first degree (two counts, one each as to Indictment Nos. 6608/90 and 6609/90), upon jury verdicts, and imposing sentences. By decision and order dated January 30, 1995, the appeal was held in abeyance and the matter remitted to the Supreme Court, Queens County, to hear and report on whether the defendant was present at a *Sandoval* hearing (see, People v Evans, 211 AD2d 810). The Supreme Court, Queens County (Finnegan, J.), has now filed its report.

Ordered that the judgments are reversed, on the law, and a new trial is ordered.

After remittitur of this case for a factual reconstruction hearing, the Supreme Court determined that the defendant was not present at the *Sandoval* hearing.

It is well settled that, "[t]he determination of a hearing court, which has the advantage of hearing and seeing the witnesses, should be upheld unless it is clearly unsupported by the evidence in the record" (People v Parchment, 218 AD2d 752, 753; see also, People v Prochilo, 41 NY2d 759). Contrary to the People's contentions, the record of the reconstruction hearing supports the court's findings (see, People v Law, 202 AD2d 691). Since a *Sandoval* hearing is a material stage of the trial at

which a defendant's presence is required, the judgment must be reversed and a new trial ordered *(see, People v Favor,* 82 NY2d 254; *People v Dokes,* 79 NY2d 656).

The defendant's remaining contentions are either unpreserved for appellate review or lack merit. Thompson, J. P., Sullivan, Copertino and Pizzuto, JJ., concur.