■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND CHILDS, Appellant. [648 NYS2d 918] —Appeal from a judgment of the Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered June 30, 1994, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him to concurrent terms of 25 years to life and $8^1/_3$ to 25 years, respectively, and from a judgment of the same court and Justice, rendered June 30, 1994, convicting him, upon his plea of guilty, of promoting prison contraband in the first degree, and sentencing him to a term of $2^1/_3$ to 7 years, to be served concurrently with the sentence imposed on the conviction after trial unanimously held in abeyance, and the matter remanded to the Supreme Court for purposes of conducting a reconstruction hearing in accordance with this Court's instructions.

We are unable to ascertain from the extant record whether defendant was excluded from material "ancillary proceeding[s]" during the jury selection process at his trial in violation of his statutory rights pursuant to CPL 260.20 *(People v Roman,* 88 NY2d 18, 25). Specifically, it is unclear whether defendant was present at certain sidebar conferences held regarding the qualifications of certain venirepersons *(see generally, supra; People v Sloan,* 79 NY2d 386). Furthermore, as the record now reads, it is unclear what the court meant when it indicated that the prospective jurors at issue were excused "upon consent." We remand to clarify whether the parties agreed that the prospective jurors at issue would not withstand a challenge for cause, whether the court had made this determination, or whether they were excused upon consent for some other reason.

As the record is ambiguous as to (a) whether defendant was present, and, if not, (b) whether under the particular facts of

this case his presence would "have afforded him * * * any meaningful opportunity to affect the outcome" (*People v Roman, supra*, at 26), we remit this matter to the Supreme Court to hold a reconstruction hearing and to make findings of fact as to what transpired during voir dire. Concur—Rosenberger, J. P., Ellerin, Williams, Mazzarelli and Andrias, JJ.