■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE REED, Appellant. [655 NYS2d 462] —Appeal from judgment, Supreme Court, New York County (Ronald Zwiebel, J., at *Sandoval* hearing; Allen Alpert, J., at trial and sentencing), rendered June 7, 1994, convicting defendant, after a jury trial, of burglary in the third degree, and sentencing him as a persistent felony offender to a term of 15 years to life, held in abeyance, and the matter remanded to the Supreme Court for purposes of conducting a reconstruction hearing in accordance with this Court's instructions.

We note preliminarily that we find no error in the court's *Sandoval* ruling or in defendant's sentence as a persistent felony offender. Nor was it error, when defendant declined to waive his right to be present at bench conferences during jury selection, for the court to decide to hold no bench conferences on issues requiring defendant's presence and instead to conduct such inquiries in open court (*see, People v Vargas*, 88 NY2d 363, 376; *People v Ayala*, 223 AD2d 432, *lv denied* 88 NY2d 980). We also reject the People's argument that the record is insufficient to demonstrate what was discussed at the bench conference held in defendant's absence. The record reflects that a juror was told to "come up" immediately upon raising her hand in response to the court's question as to whether anyone had any beliefs or opinions that would interfere with their ability to be fair and impartial. We cannot conclude on this record that the bench conference that followed failed to address the very issue that prompted it (*see, People v Ricks*, 218 AD2d 820, 821, *affd* 89 NY2d 318; *compare, People v Jupiter*, 210 AD2d 431, 432, *lv denied* 85 NY2d 911). While the People further urge that the court would hardly have held a bench conference on such an issue after its earlier statement, we find the record adequate to demonstrate that, however inadvertent, it did just that.

Thus, we find that the record sufficiently establishes a violation of defendant's CPL 260.20 right to be present at material stages of the proceedings. However, before we determine whether this violation requires reversal under *People v Roman* (88 NY2d 18), and *People v Maher* (89 NY2d 318, decided with *People v Ricks, supra*), we remit the matter to the Supreme Court to hold a reconstruction hearing to determine, if possible, what happened to this particular juror after the bench conference: was she immediately dismissed and for what reason, or did she rejoin the panel and is she one of the prospective jurors identified in the voir dire record and, if so, which one. Concur—Milonas, J. P., Ellerin, Nardelli and Williams, JJ.