■ GERARD CACHOIAN, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONS et al., Appellants. [656 NYS2d 635] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered March 22, 1996, which granted a petition for a writ of habeas corpus and directed respondents to credit the time served by petitioner in Federal prison toward his State sentence, unanimously reversed, on the law, and the petition dismissed, without costs.

Petitioner received a 12-year sentence in Federal court in 1982 on drug-related charges. In 1987, while on parole, he was

arrested and indicted on various State assault and weapons charges; this arrest violated his Federal parole and he was thereafter returned to Federal custody. Another, unrelated indictment was filed in State court in 1989. In 1990, to cover both State court indictments, petitioner pled guilty to third-degree weapon possession and was sentenced as a predicate felon to a term of from $3^1/2$ to 7 years. At the time of that sentence, the State court did not indicate whether it was to run concurrent or consecutive to petitioner's undischarged Federal term. In the instant petition, he claimed that the time served on his Federal parole violation must be credited to his State sentence. Supreme Court agreed and granted the petition. We reverse and dismiss the petition, as Penal Law § 70.25 (4) expressly provides otherwise.

Under Penal Law § 70.25 (4), when an individual "subject to any undischarged term of imprisonment imposed at a previous time by a court of another jurisdiction" is sentenced by a State court to an additional term of imprisonment, the State sentence "shall run consecutively" where the State court does not specify the manner in which it is to run. Here, because the State court, in imposing sentence, did not direct the manner in which its sentence should be served with respect to the Federal sentence, this language clearly applies. Petitioner mistakenly relied on subdivision (1) of the same section for the proposition that his sentences must run concurrently, but these sections involve multiple sentences imposed at the same time or sentences imposed by different State courts. Thus, they are inapplicable to petitioner's circumstance.

Moreover, Supreme Court erred in relying on *People ex rel. Benedetti v Walters* (114 Misc 2d 47), in granting the petition. The State court in *Benedetti* had expressly directed that its sentence was to run concurrently with a previously imposed Federal sentence. In addition, because *Benedetti* also involved two *State* sentences, Penal Law § 70.25 (1) was applicable; as noted, that section deals with subsequently imposed State sentences and is entirely inapplicable to petitioner's circumstances here. Accordingly, the petition in the instant case should have been dismissed. Concur—Sullivan, J. P., Milonas, Tom and Andrias, JJ.