■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME ROBINSON, Appellant. [657 NYS2d 674] —Appeal from a judgment, Supreme Court, New York County (Clifford Scott, J.), rendered April 6, 1993, convicting defendant, after a jury trial, of robbery in the first degree and grand larceny in the fourth degree, and sentencing him, as a second violent felony offender, to concurrent terms of $12^1/_2$ to 25 years and $1^1/_2$ to 3 years, respectively, held in abeyance, and the matter remitted to the Supreme Court to conduct a reconstruction hearing in accordance with this Court's instructions.

Defendant's claim that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt of first degree robbery is unpreserved for appellate review (People v Gray, 86 NY2d 10, 19), and we decline to review it in the interest of justice. Were we to review it, we would find that the defendant's demand for money prior to accosting the complainant, his ex-

wife, and his repeated attempts to obtain money from her in the past, were sufficient to demonstrate that the force used by defendant was for the purpose of accomplishing the theft (*see*, Penal Law § 160.00; *People v Smith*, 79 NY2d 309). Upon an independent review of the facts, we find that the verdict was not against the weight of the evidence (*see*, *People v Bleakley*, 69 NY2d 490).

Defendant next contends that the prosecutor violated the *Sandoval* ruling by questioning him on matters that had been precluded (*see*, *People v Sandoval*, 34 NY2d 371). The evidence at the *Sandoval* hearing established that defendant had two prior attempted burglary convictions, both involving his ex-wife. The court ruled that if defendant testified, the prosecutor could inquire as to whether he had two felony convictions, without mentioning the underlying facts. Inquiry would also be permitted as to defendant's drug use, but the prosecutor would be bound by defendant's answers. Specifically precluded were evidence of defendant's possession of a crack pipe when he was arrested, his parole status, his dishonorable discharge from the military and any "prior bad acts."

The court simultaneously made a ruling on the admissibility of uncharged crimes evidence (*see*, *People v Molineux*, 168 NY 264), permitting the prosecution to elicit evidence of "anything [the complainant] has witnessed," including prior incidents in which the defendant allegedly took money and jewelry from the complainant's apartment. Since defendant had stayed at her apartment during a recent six-week reconciliation period, the court did not believe these incidents constituted bad acts because "they could have been sharing."

For the most part, the prosecutor adhered to the *Sandoval* ruling. However, it is difficult to assess any violations because the court's *Sandoval* and *Molineux* rulings were essentially inconsistent. For example, although the *Sandoval* determination prohibited the prosecution from cross-examining defendant regarding any prior bad acts, the *Molineux* ruling allowed the complainant to testify that defendant took money and jewelry from her, or from neighbors, which clearly is evidence of bad acts notwithstanding the motion court's characterization. Thus, the protections afforded by the *Sandoval* ruling were largely eviscerated by the court's allowing this evidence on the People's direct case.

Reversal is not required however, since the evidence of defendant's prior bad acts was relevant to defendant's motive and intent to commit the crimes charged (*see*, *People v Alvino*, 71 NY2d 233; *People v Allweiss*, 48 NY2d 40; *see also*, *People v*

*Till*, 87 NY2d 835; *People v Correal*, 160 AD2d 85). The defense at trial was that defendant took money from the complainant's hand only as an afterthought, and that, therefore, the physical force employed by defendant was *not for the purpose of* compelling the complainant to give up the property. Defense counsel also argued that because the complainant had voluntarily given defendant money in the past, it was doubtful that he had the intent to rob the complainant on this occasion. Thus, having placed his state of mind in issue, evidence that defendant had been using drugs, and had repeatedly harassed the complainant and neighbors for money, was relevant to demonstrate that he had both the intent and motive to commit the charged robbery (*see, People v Boyd*, 230 AD2d 805, *lv denied* 89 NY2d 919; *People v Linton*, 166 AD2d 670, *lv denied* 77 NY2d 879; *cf., People v Wright*, 41 NY2d 172). Further, the probative value of this evidence outweighed its prejudicial effect (*see, People v Ventimiglia*, 52 NY2d 350, 359-360).

The prosecutor's cross-examination regarding a different crack pipe than the one defendant possessed when he was arrested, and the questions put to defendant about whether the "authorities" had told him to stay away from the complainant, should ordinarily have been precluded. However, since these topics were again closely related to an understanding of the charged crimes, they were permissible (*see, People v Linton, supra*).

Defendant also contends that he was deprived of his statutory right to be present at a material stage of his trial when the court conducted sidebars with two prospective jurors in his absence (CPL 260.20; *People v Roman*, 88 NY2d 18; *People v Antommarchi*, 80 NY2d 247). The record establishes that one juror was invited to the bench to discuss her prior conflict with the law, and was excused "on consent." Another sidebar was held when a second juror stated that she had been the victim of multiple crimes. Thereafter, in open court, the court advised defense counsel to apprise defendant that this second juror had explained that she had been beaten up by her boyfriend. Defendant's challenge for cause was denied, and the court suggested that defense counsel would have to use a peremptory challenge. She was excused at the conclusion of the round.

"A sidebar interview of a prospective juror which concerns that juror's bias or hostility is a material stage of trial which defendants are entitled to attend" (*People v Maher*, 89 NY2d 318, 324). The record establishes, and the People do not dispute, that defendant was absent from these two sidebars. Thus, a CPL 260.20 violation occurred (*People v Reed*, 237 AD2d 182).

However, the People argue that reversal is not required because it can be inferred from the substance of the pre-sidebar discussion that the first juror's excusal "on consent" must have been for cause, and therefore defendant's presence would not have afforded him any meaningful opportunity to affect the outcome of this legal determination (*People v Maher, supra,* at 325; *People v Roman, supra,* at 28). Regarding the second juror, the People assert that defendant failed to preserve his CPL 260.20 claim by objecting to the court's procedure, and, alternatively, that any violation was de minimis and therefore not reversible error (*People v Starks,* 88 NY2d 18, 29), because counsel summarized the substance of the sidebar with defendant at the court's direction.

We remit this matter to the Supreme Court for a reconstruction hearing to determine, if possible, whether the juror excused "on consent" was excused for cause, or by defense counsel's discretionary choice (*see, People v Childs,* 232 AD2d 308). The Court of Appeals has held that reversal is required unless the necessary facts appear in the record to negate the possibility that defendant could have meaningfully contributed to counsel's discretionary challenges (*People v Maher, supra,* at 325; *People v Feliciano,* 88 NY2d 18, 28). However, reconstruction hearings have been ordered to permit supplementation of the record to determine whether a defendant was present (*see, People v Odiat,* 82 NY2d 872; *People v Michalek,* 82 NY2d 906; *People v Parchment,* 203 AD2d 595, *appeal after remand* 218 AD2d 752, *lv denied* 87 NY2d 906), and also to determine if the defendant was excluded from a proceeding to which he could have materially contributed (*see, People v Bennett,* 238 AD2d 138; *People v Reed, supra; People v Childs, supra; People v Davidson,* 210 AD2d 76).

Defendant failed to preserve his right to be present claim regarding the second juror (*see, People v Robles,* 86 NY2d 763). Although defense counsel stated he was not waiving defendant's rights, he did not object to the court's procedure of summarizing the content of the sidebar in defendant's presence, and permitting defendant and counsel to confer before any determination was made (*see, People v Yong Yi Wu,* 225 AD2d 358, *lv denied* 88 NY2d 888; *see also, People v Camacho,* 230 AD2d 604, *lv granted* 89 NY2d 863).

We perceive no abuse of sentencing discretion. Concur—Sullivan, J. P., Rosenberger, Mazzarelli and Andrias, JJ.