■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM A. EVANS, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTIONS, Respondent. [702 NYS2d 660] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered May 5, 1999 in Clinton County, which converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78 and dismissed the petition.

On December 9, 1981, petitioner was sentenced in Supreme Court, New York County, as a second felony offender to concurrent prison terms of 6 to 12 years for robbery and criminal possession of a weapon. Petitioner was released on parole in 1987 and again in 1989; however, while on parole he committed several other crimes which led to additional convictions. Then, on November 25, 1991, petitioner was sentenced in the United States District Court for the Eastern District of New York to a term of 40 months' imprisonment to run concurrently with his existing New York sentence. Thereafter, on January 23, 1992, petitioner was again convicted of robbery and sentenced by Supreme Court, Queens County, to two terms of 12 to 24 years' imprisonment to run consecutively to each other. These sentences, however, were remanded for retrial (*see, People v Evans*, 232 AD2d 424, *lv denied* 89 NY2d 921) and petitioner was again convicted; on April 1, 1997 he was sentenced to two terms of 6 to 12 years' imprisonment to run concurrent with each other and any sentence hold. Again on June 1, 1992, petitioner was convicted of three counts of robbery and one count of attempted robbery. Petitioner was sentenced by County Court, Nassau County, to four prison terms of 25 years to life to run concurrently with each other.

Petitioner thereafter commenced this proceeding for a writ of

habeas corpus claiming that respondent failed to transfer petitioner to Federal custody to complete his undischarged term of imprisonment. Supreme Court, converting the application into a CPLR article 78 proceeding, dismissed the petition.

On this appeal petitioner relies on Penal Law § 70.20 (3), which provides that if a defendant is sentenced to an additional term by a court of this State to run concurrently with an undischarged term, the defendant shall be returned to the custody of the appropriate official of the other jurisdiction. Petitioner argues that, upon the Queens County sentencing, he was to be transferred to Federal custody. Petitioner is in error in this contention. The sentence petitioner received on April 1, 1997 does not mandate control over petitioner's prior sentence received from Nassau County on June 1, 1992. The imposition of the Queens County sentences did not warrant petitioner to be released to Federal officials to serve his Federal sentence until his Nassau County sentences were completed. Accordingly, pursuant to Penal Law § 70.25 (4), since Nassau County Court did not mention the previously imposed Federal sentence, petitioner is to serve the four concurrent terms of 25 years to life imprisonment consecutively with the Federal sentence (see, *Cachoian v New York State Dept. of Corrections*, 239 AD2d 118).

Cardona, P. J., Mercure, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.