People v Sumpter (2020 NY Slip Op 02878)





People v Sumpter


2020 NY Slip Op 02878


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11514 1228/16

[*1] The People of the State of New York, Respondent,
v
Terrell Sumpter, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (John L. Palmer of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Aaron Zucker of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J.), rendered October 6, 2017, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him to concurrent terms of seven years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the provision of the order of protection that directed that it remain in effect until October 5, 2032 and remanding the matter for a new determination of the duration of the order, and otherwise affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusions that defendant used force with an intent to steal, and actually stole property from the victim.
The victim testified that the attack was the culmination of a long-standing dispute regarding payment of a drug debt and that he was arguing about the money with defendant and his accomplice just before defendant punched him. This warranted an inference of contemporaneous intent to steal (see People v Gajadhar, 38 AD3d 127, 135-36 [1st Dept 2007], affd 9 NY3d 438 [2007]; People v Robinson, 239 AD2d 258, 258-59 [1st Dept 1997]).
The victim also testified that defendant took items from his pockets and that defendant's accomplice threw some of the victim's items into a trash chute. A surveillance tape, while not clear, did not contradict this testimony. This conduct was sufficient to constitute a deprivation of property (see Penal Law § 155.00[3]; People v Collado, 146 AD3d 708 [1st Dept 2017], lv denied 29 NY3d 996 [2017]; People v Kirnon, 39 AD2d 666, 667 [1972], affd 31 NY2d 877 [1972]).
Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
We perceive no basis for reducing the sentence. However, as the People concede, the [*2]order of protection's expiration date is incorrect because it did not take into account the jail time credit to which defendant is entitled (see e.g. People v Jackson, 121 AD3d 434 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK