■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MARTIN, Appellant. [680 NYS2d 76] —Judgment, Supreme Court, New York County (James Leff, J.), rendered September 26, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to three concurrent terms of 10 to 20 years, unanimously affirmed.

The absence of defendant from sidebar conferences where three prospective jurors were excused "on consent" does not constitute reversible error. The record clearly establishes that because each of these panelists expressed bias and an inability to be impartial, both sides agreed that they should be excused for cause. Thus, defendant's presence at the sidebars with these potential jurors would not have afforded him any meaningful opportunity to affect the outcome of the trial (*see, People v Maher*, 89 NY2d 318, 325; *People v Childs*, 247 AD2d 319).

Defendant's claims of ineffective assistance of counsel would require a CPL 440.10 motion in order to develop the record. On the existing record, we find that defendant received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 146-147).

We have reviewed defendant's remaining claims, including those contained in his *pro se* supplemental brief, and find them to be without merit. Concur—Rosenberger, J. P., Ellerin, Nardelli and Williams, JJ.