(December 17, 1996)

■ The People of the State of New York, Respondent, v Elpedio Lugo, Also Known as Elpidio Lugo, Appellant. [651

NYS2d 453] —Judgment, Supreme Court, Bronx County (Dominic Massaro, J.), rendered October 28, 1993, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, unanimously affirmed.

Defendant's claim concerning the procedure during voir dire is without merit. In *People v Vargas* (88 NY2d 363), the Court of Appeals squarely rejected the same argument that a waiver was invalid due to security-based conditions placed on the right to attend conferences. Defendant's waiver was valid as he was sufficiently apprised of the choice and its consequences (*see, People v Davis*, 194 AD2d 437, *lv denied* 82 NY2d 716). In any event, defendant's absence from the particular portions of the voir dire at issue, where the jurors in question were excused either by a peremptory challenge by the People or for cause, would not require a reversal (*People v Feliciano*, 88 NY2d 18, 28).

The uncharged drug sale observed by the arresting officer subsequent to the charged undercover sale was properly admitted to establish defendant's intent to sell drugs found on his person (*see, People v Alvino*, 71 NY2d 233, 245).

We perceive no abuse of sentencing discretion.

Defendant's remaining contentions are unpreserved and without merit. Concur—Murphy, P. J., Sullivan, Milonas, Rubin and Andrias, JJ.