■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO DOCKERY, Appellant. [678 NYS2d 333] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 17, 1992, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon review of the record, we are satisfied that the defendant received effective assistance of counsel (*see, People v Rivera,* 71 NY2d 705, 708; *People v Cuesta,* 177 AD2d 639).

There is no merit to the defendant's contention that his right to be present at all material stages of the trial was violated because he was absent from sidebar conferences in which the attorneys exercised their challenges for cause and their peremptory challenges. A court may exclude a defendant from a conference during which counsel advises the court of jury selection challenges if such challenges are subsequently effectuated in open court in the presence of the defendant (*see, People v Velasco,* 77 NY2d 469, 473; *People v Patti,* 229 AD2d 506). Here, the defendant was present when the challenges were effectuated in open court and the jurors dismissed.

The defendant further contends that his right to be present at sidebar discussions with prospective jurors (*see, People v Antommarchi,* 80 NY2d 247) was violated when a discussion was held in his absence between the court, the attorneys, and a prospective juror. However, the defendant's trial predated the decision in *Antommarchi,* and the rule in *Antommarchi* is prospective only (*see, People v Sprowal,* 84 NY2d 113; *People v Mitchell,* 80 NY2d 519). In any event, since this sidebar conference was not recorded, the defendant has failed to provide an adequate record for appellate review of his claim (*see, People v Camacho,* 90 NY2d 558, 562; *People v Maher,* 89 NY2d 318, 325; *People v Kinchen,* 60 NY2d 772). O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.