THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RODRIGUEZ, Appellant. [690 NYS2d 808] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that he was erroneously excluded from sidebar conferences during jury selection and that he did not validly waive his right to be present at those conferences. Defendant was not excluded from any conference where his presence would have provided a meaningful opportunity to affect the outcome (*see, People v Roman*, 88 NY2d 18, 26, *rearg denied* 88 NY2d 920). One juror referred to by defendant wanted to inform County Court that she had a wedding to attend at the end of the week. Moreover, the record does not establish that the conversation occurred during a sidebar conference.

Six other jurors referred to by defendant were examined in open court in defendant's presence. The court's subsequent legal discussions with counsel regarding those jurors in defendant's absence did not compromise defendant's right to be present at all material stages of the trial. Those jurors were excused for cause by the court with the consent of defense counsel and the prosecutor (*see, People v Vargas*, 88 NY2d 363, 378).

Finally, defendant's contention regarding another juror who approached the court during the initial screening of the panel of jurors lacks merit. That juror was never reached for voir dire in defendant's case, and thus defendant never had the opportunity to decide whether to remove her from his jury (*see, People v Velasco,* 77 NY2d 469, 472-473). (Appeal from Judgment of Monroe County Court, Marks, J.—Robbery, 1st Degree.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.