■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC TOLLIVER, Appellant. [701 NYS2d 206] —Judgment unanimously affirmed. Memorandum: This Court granted defendant's motion for a writ of error coram nobis (*People v Tolliver,* 242 AD2d 975), and defendant now appeals de novo from a judgment convicting him after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (Penal Law § 265.03 [2]). There is no merit to his contention that he was denied his statutory right to be present at sidebar conferences conducted during

jury selection (*see, People v Dockery*, 253 AD2d 889, *lv denied* 92 NY2d 1031). The right of defendant to be present was not affected where prospective jurors were questioned in his presence and thereafter dismissed pursuant to the prosecutor's exercise of peremptory challenges or County Court's discharge of a prospective juror for cause (*see, People v Roman*, 88 NY2d 18, 28, *rearg denied* 88 NY2d 920). Further, defendant was not denied his right to be present where prospective jurors were questioned in his presence and defense counsel thereafter exercised peremptory challenges during sidebar discussions with the prosecutor (*see, People v Rodriguez*, 261 AD2d 908, *lv denied* 93 NY2d 1026; *see also, People v Lugo*, 234 AD2d 124, 125, *lv denied* 89 NY2d 987).

We reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation. Although the prosecutor improperly made a "safe streets" comment by urging the jury to do justice for the safety of the neighborhood where the crime was committed (*see, People v Payne*, 187 AD2d 245, 250), that isolated comment was not so egregious as to deprive defendant of a fair trial (*see, People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031). The remaining comments challenged by defendant were fair comment on the evidence or fair response to the comments of defense counsel and did not constitute misconduct (*see, People v Halm*, 81 NY2d 819, 821).

The verdict is not contrary to the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Defendant was not denied effective assistance of counsel at trial. Trial counsel's representation, viewed in its totality, was meaningful (*see, People v Baldi*, 54 NY2d 137, 147). Finally, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt and Balio, JJ.