■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY KENNEDY, Appellant. [705 NYS2d 907] —Judgment unanimously affirmed. Memorandum: Defendant contends that County Court erred in admitting evidence suggesting his involvement in an uncharged drug sale that occurred after the indicted offense. We disagree. The People's evidence suggesting defendant's involvement in an uncharged drug sale was properly admitted to prove that defendant intended to sell the drugs found on his person (*see, People v Alvino,* 71 NY2d 233, 245; *People v Lugo,* 234 AD2d 124, 125, *lv denied* 89 NY2d 987; *People v De Jesus,* 189 AD2d 774, 775, *lv denied* 81 NY2d 884). In any event, any prejudice to defendant was minimized by the court's limiting instruction. (Appeal from Judgment of Cayuga County Court, Corning, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Balio and Lawton, JJ.