■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHARROWL DAVIS, Also Known as SHARROD DAVIS, Appellant. [762 NYS2d 327] —Appeal from a judgment of Supreme Court, Monroe County (VanStrydonck, J.), entered February 27, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, following a jury trial, of two counts of murder in the second degree (Penal Law § 125.25 [2], [3]) and two counts of robbery in the first degree (§ 160.15 [4]) involving two victims, defendant contends that prosecutorial misconduct deprived him of a fair trial. Defendant concedes, however, that his challenges to the prosecutor's statements during summation are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review those challenges as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Defendant also contends that the prosecutor engaged in misconduct by obtaining an ex parte protective order (*see* 240.50 [1]); however, neither the order nor the supporting papers are contained in the record on appeal. Thus, defendant has failed to meet his burden of providing this Court with an adequate record to review that contention (*see People v Roman*, 217 AD2d 473, 474 [1995], *affd* 88 NY2d 18 [1996], *rearg denied* 88 NY2d 920 [1996]; *People v Dewitt*, 295 AD2d 937, 938 [2002], *lv denied* 98 NY2d 709 [2002]; *People v Degondea*, 256 AD2d 39, 41 [1998], *after remand* 269 AD2d 243, *lv denied* 95 NY2d 834 [2000]).

Defendant knowingly, voluntarily and intelligently waived his right to be present at sidebar conferences where challenges

to prospective jurors were discussed (*see People v Spirles*, 294 AD2d 810 [2002], *lv denied* 99 NY2d 540 [2002]; *People v Steenwerth*, 279 AD2d 641, 642 [2001], *lv denied* 96 NY2d 807 [2001]) and, in any event, he was present in court during voir dire and when the challenges to the jury were "effectuated" (*People v Mieles*, 254 AD2d 436, 436 [1998], *lv denied* 92 NY2d 1051 [1999]; *see People v Velasco*, 77 NY2d 469, 473 [1991]; *People v Hizbullah*, 273 AD2d 409 [2000], *lv denied* 95 NY2d 866 [2000]; *People v Dockery*, 253 AD2d 889 [1998], *lv denied* 92 NY2d 1031 [1998]). Therefore, defendant was not denied his right to be present at a material stage of the proceedings.

Defendant's contention that the conviction is not supported by legally sufficient evidence is not preserved for our review (*see People v Gray*, 86 NY2d 10, 19 [1995]) and, in any event, is without merit (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Defendant's claim that his trial counsel's advice not to testify constituted ineffective assistance of counsel implicates strategic discussions between defendant and counsel that are dehors the record" and thus is not reviewable on direct appeal (*People v Sanders*, 289 AD2d 101, 101 [2001], *lv denied* 97 NY2d 760 [2002]; *see People v Pozo*, 285 AD2d 520 [2001], *lv denied* 99 NY2d 538 [2002]). With respect to defendant's other claims of ineffective assistance, we conclude that they lack merit. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Lawton, JJ.