OPINION OF THE COURT
 

 Levine, J.
 

 These appeals present heretofore unresolved issues in the application of this Court’s doctrine concerning a criminal defendant’s statutory (CPL 260.20) right to be present at sidebar conferences with prospective jurors concerning their possible inability to fairly and objectively weigh the evidence in the case. In all three cases, the venire members whose sidebar conferences were not attended by the defendants ultimately were not seated on the juries, having been excused for cause, by consent, or by peremptory challenge. Thus, these cases call upon us to determine whether, if at all, or under what circumstances, the fact that a prospective juror did not actually deliberate on defendant’s guilt or innocence obviates any violation of the defendant’s statutory right to be present at the sidebar with that juror.
 

 People v Roman
 

 Jury selection in defendant Roman’s murder trial straddled the handing down of our decision in
 
 People v Antommarchi
 
 (80 NY2d 247) on October 27, 1992. The record indicates that the impact of
 
 Antommarchi
 
 on voir dire procedure was discussed by the trial court and counsel prior to the continuance of jury selection on October 28. On that date, during the court’s preliminary instructions to the panel, an unidentified venire member asked to "come up”, and an unrecorded conversation took place.
 

 Jury selection continued into a third round on October 29. At the conclusion of the court’s preliminary instructions to the panel, a prospective juror Wilson announced in open court that she had been a crime victim recently and was especially angered because the crime was committed in the presence of
 
 *24
 
 her child. A sidebar discussion ensued at which defendant’s counsel but not defendant was present. Wilson was not seated as a juror.
 

 At the conclusion of the trial, defendant Roman was convicted of murder. Prior to sentencing, he made a motion to vacate the conviction on the ground that the
 
 Antommarchi
 
 ruling had been violated. At sentencing, the trial court denied the motion. The court made findings that (1) during jury selection on October 28, no sidebar conference with a juror occurred; and (2) after the sidebar conference with prospective juror Wilson on October 29, she indicated that, having recently been a crime victim in the presence of her child, "she could not be fair”, and she was discharged for cause upon consent of defendant and the People. Defendant’s conviction was affirmed by a divided panel of the Appellate Division, First Department (217 AD2d 473). The majority held that any violation of
 
 Antommarchi
 
 did not require reversal because no prospective juror interviewed outside defendant’s presence was seated on his jury and, therefore, defendant was not prejudiced by exclusion from the sidebar. Defendant appeals, and we affirm.
 

 People v Feliciano
 

 The record of the voir dire in defendant Feliciano’s robbery trial indicates that some 10 members of the venire were party to sidebar conferences concerning possible bias, at which the defendant was not present. None of those prospective jurors was seated on defendant’s trial jury. One was excused on a peremptory challenge by the People, three were excused for cause upon consent and six merely excused "on consent”. Applying
 
 People v Antommarchi (supra),
 
 the Appellate Division, Second Department, reversed Feliciano’s robbery convictions (209 AD2d 634). The Court rejected the People’s contention that reversal was not required because none of the prospective jurors interviewed outside the defendant’s presence sat on the jury, concluding that harmless error analysis was not appropriate under the circumstances. The People appeal, and we affirm.
 

 People v Starks
 

 Defendant Starks was tried for criminal sale of a controlled substance in the third degree. During jury voir dire, a prospective juror Samuels announced in open court that she had some problems in sitting on defendant’s case because she thought she had seen him before. She was asked to approach the Bench
 
 *25
 
 and conferred with the trial court and counsel outside the defendant’s presence. At the conclusion of that day of jury selection, as the court was about to excuse the panel, the court asked Samuels to remain "to put on the record the very brief conversation we had at the bench.” The court then recited in the defendant’s presence that Ms. Samuels thought she recognized him from her neighborhood or in connection with her church activities and said she could be fair and impartial if shown that there was no prior acquaintanceship with defendant. Ms. Samuels confirmed that this was an accurate description of her earlier sidebar conversation with the court and counsel. The court gave the prosecution and defense a further opportunity to ask questions, which both sides declined. The following day, defendant’s attorney exercised a peremptory challenge to excuse Samuels "after conferring with my client [because] there is no way that I can live with [juror Samuels].”
 

 During the trial, the court permitted the jury to submit questions to be propounded to witnesses by the court, some of which were asked and answered. The defense did not interpose any objection to that procedure. Starks was found guilty of criminal sale of cocaine by the jury.
 

 On appeal from defendant Starks’s conviction, the Appellate Division, First Department, rejected his
 
 Antommarchi
 
 argument regarding the sidebar conference with Ms. Samuels, holding that no prejudice occurred since Samuels was not seated on the jury. The Court also supported its holding by citing to the trial court’s subsequent replication of the sidebar conference which the court conducted in the defendant’s presence. Defendant appeals, and we affirm.
 

 Analysis
 

 Under our case law, the jury selection process is an ancillary proceeding — not a "core” proceeding critical to the outcome of a criminal trial
 
 (People v Sprowal,
 
 84 NY2d 113, 117). Therefore, a defendant’s right to be present at a sidebar conference with a prospective juror exploring possible general or specific bias is governed exclusively by New York statutory law — CPL 260.20, which gives the defendant a right to be " 'personally present’ during the trial of an indictment”
 
 (id.; see, People v Mitchell,
 
 80 NY2d 519, 526-527).
 

 The right to be present under CPL 260.20 extends to every ancillary proceeding that is a "material stage” of the trial
 
 (People v Favor,
 
 82 NY2d 254, 265;
 
 People v Dokes,
 
 79 NY2d
 
 *26
 
 656, 662), that is, proceedings in which a defendant’s presence "could have a substantial effect on [his or her] ability to defend against the charges”
 
 (People v Sloan,
 
 79 NY2d 386, 392;
 
 see, People v Favor,
 
 82 NY2d, at 264,
 
 supra
 
 [statutory right to be present extends to "any proceeding in which the defendant’s presence is substantially and meaningfully related to the ability to defend”]).
 

 A defendant’s presence is substantially and materially related to the ability to defend when the defendant "can potentially contribute to the proceeding” under scrutiny
 
 (People v Sprowal,
 
 84 NY2d, at 118,
 
 supra);
 
 or when a defendant’s "presence would have been useful in ensuring a more reliable determination” of the particular proceeding at issue
 
 (People v Morales,
 
 80 NY2d 450, 454). A defendant’s presence at sidebar interviews of prospective jurors for bias or hostility during jury selection is generally required because of the potential input the defendant can give defense counsel in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror’s responses on voir dire
 
 (see, People v Sloan,
 
 79 NY2d, at 392,
 
 supra).
 

 Invocation of the statutory right to be present will be rejected, however, when the claim that a defendant’s presence would have had an impact on the outcome of the trial is "speculative”
 
 (People v Morales,
 
 80 NY2d, at 455,
 
 supra),
 
 or the violation of the statute is "de minimis”
 
 (id.,
 
 at 457, n 2). As most directly pertains to the instant appeals, we have also rejected claims under CPL 260.20 when, either because of the nature of the particular proceeding or its ultimate outcome, the defendant’s presence was " 'useless, or the benefit but a shadow’ ”
 
 (People v Morales, supra,
 
 at 454, quoting
 
 Snyder v Massachusetts,
 
 291 US 97, 106-107 [Cardozo, J.]). That is, a reversal is not required when, because of the matter then at issue before the court or the practical result of the determination of that matter, the defendant’s presence could not have afforded him or her any meaningful opportunity to affect the outcome.
 

 Thus, in
 
 People v Smith,
 
 the companion case to
 
 People v Favor (supra),
 
 reversal was not required because, at the only portion of the
 
 Sandoval
 
 proceeding from which the defendant Smith was excluded, the outcome was wholly favorable to him. Defendant Smith’s presence was, therefore, "superfluous” (82 NY2d, at 268), that is, "it cannot reasonably be said that there was any potential for additional meaningful input by defendant”
 
 (id.).
 

 
 *27
 
 Likewise, because only defense counsel (and not the defendant personally) may argue or choose a stratagem when the proceeding involves a question of law or procedure, hearings on those matters do not involve any potential for meaningful input by a defendant, and presence is not required
 
 (People v Rodriguez,
 
 85 NY2d 586 [hearing on scope of cross-examination];
 
 People v Williams,
 
 85 NY2d 945 [hearing on withdrawal of motion to contest finding of competency to stand trial];
 
 People v Velasco,
 
 77 NY2d 469 [precharge conference including hearing on motion to dismiss, argument on legal basis for challenges for cause];
 
 People v Mullen,
 
 44 NY2d 1 [hearing on a sworn juror’s disqualification for personal bias]).
 

 By the same token, a defendant’s absence from a hearing will not deprive him or her of the opportunity to give meaningful input when the court essentially holds a de nova hearing on the same matter at which defendant is present
 
 (see, People v Favor,
 
 82 NY2d, at 268, supra;
 
 People v Velasco,
 
 77 NY2d, at 473,
 
 supra).
 

 The foregoing principles derived from our prior cases on a defendant’s statutory right to be present at material ancillary proceedings afford a basis for decision in the instant cases.
 

 People v Roman
 

 Initially, as to the claimed exclusion of defendant Roman from a sidebar conference with an unidentified juror on October 28, 1992, the trial court made an unchallenged finding at defendant’s sentencing that no such event occurred on that date, and the record does not afford a basis for us to overturn that finding. Concededly, however, a sidebar conference at which defendant was not present took place on October 29 with prospective juror Wilson. In affirming defendant Roman’s conviction, the Appellate Division relied upon the fact that Wilson was hot selected to serve on the defendant’s jury, adhering to the rationale of earlier cases from that court holding that a defendant could not have been prejudiced by exclusion from a conference concerning the qualification of a venire member who did not serve on the trial jury (217 AD2d 473, 474-475, citing
 
 People v Shabani,
 
 203 AD2d 142,
 
 lv denied
 
 84 NY2d 832;
 
 People v Perez,
 
 196 AD2d 781,
 
 lv denied
 
 82 NY2d 900).
 

 Contrary to the conclusion of the Appellate Division, a CPL 260.20 violation is not overcome merely because the venire person who was interviewed outside the defendant’s pres
 
 *28
 
 ence was not seated on the jury. That alone "do[es] not negate the possibility that defendant might have made a meaningful contribution to the [proceeding]”
 
 (People v Favor,
 
 82 NY2d, at 267,
 
 supra),
 
 by way of advice to counsel on the selection or rejection of that juror. In defendant Roman’s case, however, the sidebar hearing from which defendant was excluded on October 29 concerned juror Wilson’s disqualification for cause, arising out of her bias against the defense which she had expressed in open court in defendant’s presence. Disqualification of Wilson was a decision for the trial court to make after hearing argument, if any, by counsel, at which defendant could not have made any meaningful contribution (see,
 
 People v Ganett,
 
 68 AD2d 81, 86-87,
 
 affd
 
 51 NY2d 991;
 
 see also, People v Mullen,
 
 44 NY2d, at 5-6,
 
 supra).
 
 When a prospective juror is disqualified by the court for cause, any benefit defendant could possibly claim from his presence at that excuse for cause hearing would have been "but a shadow”
 
 (Snyder v Massachusetts, supra),
 
 and purely speculative
 
 (People v Morales, supra).
 
 Therefore, defendant’s absence from that hearing does not require reversal.
 

 People v Feliciano
 

 For the same reasons discussed regarding defendant Roman’s absence from the disqualification for cause hearings, defendant Feliciano’s absence from sidebar conferences with the three venire members excused for cause would not have required reversal. Likewise, defendant’s claim in reliance upon his exclusion from the sidebar with the juror peremptorily challenged by the People must be rejected. His presence "cannot reasonably be said [to have afforded him] any potential for * * * meaningful input” on the
 
 prosecution’s
 
 decision to excuse that juror
 
 (People v Favor,
 
 82 NY2d, at 268,
 
 supra).
 
 Under both circumstances of challenges for cause and peremptory challenges by the People, the defendant’s meaningful participation to affect the outcome of the hearing was negated.
 

 However, according to the voir dire minutes, six other members of the panel were excused after sidebar conferences at which the defendant was not present. Thus, the record does not negate the possibility that defendant Feliciano could have provided valuable input on his counsel’s apparently discretionary choice to excuse those venire persons. The Appellate Division, therefore, properly held that defendant’s exclusion from the sidebar conferences with those jurors required reversal on the state of this record.
 

 
 *29
 

 People v Starks
 

 As the Appellate Division held, the trial court essentially replicated de nova in defendant Starks’ presence the sidebar conference concerning juror Samuel’s misgivings on serving because of a possible prior acquaintance with the defendant, and invited further questioning by the prosecution and defense. Samuels was subsequently excused by defense counsel after conferring with the defendant because the defense "could not live with” that juror. Thus, the record supports the conclusion by the courts below that defendant Starks was given a full and fair opportunity to give meaningful input regarding the discretionary decision to challenge Samuels peremptorily including the option to conduct extensive additional voir dire where her responses to questions could be observed and heard (see,
 
 id.,
 
 at 267;
 
 People v Velasco, supra).
 
 Under these circumstances, any violation of CPL 260.20 was de minimis, and the possibility that the defendant’s presence at the initial sidebar with Samuels would have altered the defense’s strongly negative impression of her is so remote and speculative as not to require reversal
 
 (see, People v Morales,
 
 80 NY2d, at 455, 457, n 2,
 
 supra).
 

 We also agree with the Appellate Division that defendant’s failure to preserve by timely objection any error in the trial court’s submission of jurors’ questions precludes appellate review as a question of law and, hence, does not afford a basis for reversal by this Court.
 

 Accordingly, in each case, the order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
 

 In each case: Order affirmed.