OPINION OF THE COURT
Smith, J.
In each of these appeals the Appellate Division reversed the conviction of the defendant and remanded the proceedings for a new trial after finding that defendant had not been present at sidebar discussions of potential juror biases and prejudices or the potential juror’s exposure to pretrial publicity. We affirm the order of the Appellate Division in each case.

People v Maher

Defendant Maher was charged with committing two robberies. Early in the voir dire process, after some general question *322 ing had already occurred, the Trial Judge told the assembled venire members,
"I should have said this at the outset. I tell it to you now. If the answer to any one of my questions is yes but you would like to explain privately all you have to do is indicate that and I will invite you to come up to the bench where you can explain to me here in the presence of the two attorneys. That applies to all of my questions and perhaps particularly to the next one” (emphasis added).
During the first round of jury selection, two prospective jurors asked to approach the Bench after the Trial Judge asked if there was "[a]ny reason you can think of why you cannot be [a] fair and impartial juror in this case.” After an off the record discussion with each prospective juror, both candidates were excused. Another candidate asked to approach the Bench during questioning of prospective jurors about conflict they may have had with the law or experience they may have had with crime. The prospective juror returned to the panel after a sidebar conference. The court thereafter excused two persons and the questioning continued. After the prosecutor and defense counsel exercised their challenges, six jurors were sworn in.
During the second round of voir dire, a prospective juror asked to approach the Bench in response to a query by the court as to whether he could fairly judge the case despite his connection, through friends and relatives, to the police department. After an off the record discussion, the prospective juror returned to the panel. The Judge later reiterated the availability of private sidebar conferences, stating, "Were any one of you or any members of your immediate family ever had a conflict with the law. [sic] If the answer is yes and you would like to speak privately I invite you to come up to the bench.” At the conclusion of questioning, the prosecutor and defense counsel exercised six peremptory challenges each, and two additional jurors were sworn.
During the third round of voir dire, three unidentified members of the jury venire asked to approach the Bench for a sidebar conference. A male prospective juror wished to speak in private about his jury service five or six years ago in an armed robbery case. Two other prospective jurors asked for a sidebar in order to discuss conflict immediate family members may have had with the law. All three returned to the panel after the sidebars, and questioning resumed.
*323 After the conclusion of general questioning, the court asked to see counsel and conducted a discussion off the record. Thereafter, the court excused three female members of the venire and continued questioning specific members of the panel. The questioning concluded, and four additional jurors and one alternate were sworn in after the defense exercised two peremptory challenges and the prosecutor exercised one.
After a jury trial, defendant was convicted of robbery in the first degree and sentenced to a 7-to-14-year term of imprisonment. Defendant appealed, and the Appellate Division reversed the conviction and remanded the case for a new trial on the ground that defendant had been improperly excluded from a material stage of his trial. The Appellate Division concluded from the record that several prospective jurors were questioned about possible biases and prejudices outside of defendant’s presence. We affirm.
People v Ricks and People v Mack
Codefendants Ricks and Mack were tried jointly for various crimes arising out of an attempted robbery during which the victim was shot and killed. At the beginning of the voir dire process, the court told the assembled venire, "None of these questions are intended to embarrass you or inquire unnecessarily into your private lives, but if in the event that any of you feel that you prefer to answer a question only in the presence of myself and the attorneys, merely indicate that you wish to approach, and you will be brought before the bench” (emphasis added). The court repeated this statement two more times during the voir dire process.
At various times during voir dire, the court asked whether any of the prospective jurors recalled reading or hearing anything about the case. Eleven jurors responded affirmatively and were separately called to the Bench for off the record discussions.[1] All of these jury candidates were excused after the sidebars concluded.
*324 Two other times, the court asked prospective jurors and counsel to approach the Bench for a sidebar.[2] No mention of either defendant was made during those times. The court also asked a sworn juror to approach the Bench "with counsel.” That juror was excused from service following an off the record discussion.
After the conclusion of voir dire, defendants were tried jointly in front of a jury and each convicted of two counts of second degree murder, two counts of attempted robbery in the first degree, attempted robbery in the second degree and criminal possession of a weapon in the fourth degree. Defendants appealed and the Appellate Division reversed on the ground that the defendants had been improperly excluded from sidebar conferences regarding pretrial publicity. We affirm. Analysis
The People contend that the record in each case was insufficient to determine whether the defendants were excluded from a material stage of trial because it is uncertain from the record whether certain jurors were excused for cause, on consent, or through the exercise of peremptory challenges by the prosecutor.
A defendant has the right to be present at an ancillary proceeding only if it is a material stage of trial (CPL 260.20; People v Favor, 82 NY2d 254, 265; People v Dokes, 79 NY2d 656, 662).
"Under our case law, the jury selection process is an ancillary proceeding — not a ’core’ proceeding critical to the outcome of a criminal trial (People v Sprowal, 84 NY2d 113, 117). Therefore, a defendant’s right to be present at a sidebar conference with a prospective juror exploring possible general or specific bias is governed exclusively by New York statutory law — CPL 260.20, which gives the defendant a right to be ’ "personally present” during the trial of an indictment’ (id.; see, People v Mitchell, 80 NY2d 519, 526-527)” (People v Roman, 88 NY2d 18, 25).
A sidebar interview of a prospective juror which concerns that juror’s bias or hostility is a material stage of trial which defendants are entitled to attend (id., at 26). We have also held *325 that a sidebar conference regarding a potential juror’s exposure to pretrial publicity is a material stage of trial (People v Sloan, 79 NY2d 386). A defendant may, of course, waive the right to attend such conferences.
Initially, defendants seeking reversal on appeal must provide the appellate court with an adequate record for determining whether they were wrongfully excluded from a material stage of trial (see, People v Kinchen, 60 NY2d 772). Once such a record is presented, a violation of the right to be present is established.
However, even where a defendant has been erroneously excluded from a sidebar conference with a prospective juror, the error is not reversible if that potential juror has been excused for cause by the court or as a result of a peremptory challenge by the People (Roman, supra, 88 NY2d, at 28). The rationale is that while a defendant may contribute to jury selection by advising defense counsel on the suitability of a particular juror, any contribution that a defendant may make regarding excusal for cause is purely speculative (id.). Similarly, a defendant would be unable to make any contribution to a prosecutor’s decision to exercise a peremptory challenge. In order for the People to avoid a reversal on these grounds, however, the necessary facts must appear on the record, so that it can be said that the record "negate[s] the possibility that [the defendant] could have provided valuable input on his counsel’s apparently discretionary choice to excuse those venire persons” (People v Feliciano, 88 NY2d 18, 28; see also, People v Favor, supra, 82 NY2d, at 267-268).
The records in these cases support the conclusion of the Appellate Division that each defendant was erroneously excluded from a material stage of his trial. Indeed, in People v Ricks and People v Mack, the prosecutor conceded that "the record in this case tends to support the Appellate Division’s conclusion that defendants were not present at sidebar discussions that might have concerned some of the prospective jurors’ exposure to pretrial publicity.” Since the records in these cases fail to negate the possibility that these defendants could have meaningfully contributed to the sidebar conferences from which they were excluded, such as by demonstrating that the prospective jurors at issue in these appeals were excused for cause, or through the use of peremptory challenges by the prosecutor, the convictions were properly reversed in each case.
*326 Accordingly, the order of the Appellate Division in each case should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Levine and Ciparick concur.
In each case: Order affirmed.

. One prospective juror stated that he remembered hearing about the case because the events occurred on his birthday. Another informed the court that he had read about the events in a newspaper. The other prospective jurors either stated generally that they had read about the case or did not make any substantive statements regarding their knowledge in open court.

. The court stated, "I will now see [the prospective juror]. Counsel, approach please.” The court also stated, ’’You [the prospective juror] may approach. Counsel may approach.”