■ The People of the State of New York, Respondent, v Roy Lee Elliot, Appellant. [751 NYS2d 331] —Cardona, P.J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 5, 2001, upon a verdict convicting defendant of the crimes of attempted assault in the first degree, assault in the second degree, criminal possession of a weapon in the third degree (two counts), and unlawful imprisonment in the first degree.

Defendant's convictions stemmed from an incident of domestic violence which began during the late evening hours of November 26, 2000 and continued into the following day at the victim's residence in the Village of Monticello, Sullivan County. At trial, the prosecution adduced evidence that defendant and the victim had an 11-year relationship which produced two daughters, ages five and six at the time of trial. Although that relationship ended, defendant was at the victim's apartment for a visit with the children over the 2000 Thanksgiving holiday weekend. On November 26, 2000, the victim arrived home with the children at approximately 8:30 P.M. When she realized that defendant had been drinking, she ordered him to leave. He refused, resulting in an argument which eventually escalated into violence.

The victim testified that defendant struck her numerous times with a hammer until it broke, stabbed her with two different kitchen knives, beat her with his fists and a table leg, tied her up using telephone cords and a belt and left her on the floor for a period of 20 to 30 minutes until she managed to untie herself. During the ordeal, defendant repeatedly told her he was going to kill her. Thereafter, defendant directed the victim to shower and made her lie down in bed with him. When he fell asleep, she escaped, leaving the door unlocked, and sought help from a neighbor who called the police. The police entered the apartment and found defendant asleep on the bed with his right hand balanced on top of a table leg beside the bed. He was placed under arrest and later charged with attempted assault in the first degree, assault in the second

degree, criminal possession of a weapon in the third degree (three counts) and unlawful imprisonment in the first degree. The victim was hospitalized. She sustained abrasions and superficial lacerations to her chest, hands, knees and lower legs and bruises around both eyes, which were swollen shut. Two deeper lacerations, characterized by an emergency room nurse as caused by a sharp object, required stitches.

Defendant admitted that he punched the victim in the face four or five times with closed fists. He denied hitting her with the hammer, which he claimed the victim took from the kitchen and threw at him. Defendant denied stabbing her with a knife, hitting her with a table leg or threatening to kill her. He claimed that she sustained the abrasions and lacerations when they wrestled on the floor among broken glass from the kitchen table.

The jury found defendant guilty of all charges except for one count of criminal possession of a weapon in the third degree involving the hammer. County Court sentenced him, as a second felony offender, to concurrent prison terms of 15 years for his conviction of attempted assault in the first degree, seven years for his conviction of assault in the second degree, 2⅓ to 7 years for each of his two convictions of criminal possession of a weapon in the third degree and 1⅓ to 4 years for his conviction of unlawful imprisonment in the first degree.

Initially, we do not agree that the People's failure to serve a bill of particulars pursuant to CPL 200.95 requires dismissal of the indictment. The sole function of a bill of particulars is to clarify a pleading, in this instance, the indictment (*see People v Davis*, 41 NY2d 678, 679-680). Here, the indictment adequately apprised defendant of the charges against him with sufficient specificity to enable him to prepare and conduct a defense. Therefore, no bill of particulars was required (*see* CPL 200.95 [5]).

Next, we do not find the trial evidence legally insufficient to establish the charge of attempted assault in the first degree nor was the verdict on this count against the weight of the evidence. The first count of the indictment charged violations of Penal Law §§ 110.00 and 120.10 (1), which require proof that defendant acted with the intent to cause serious physical injury to the victim by means of a dangerous instrument and that he engaged in conduct which tended to effect the commission of the crime of assault in the first degree. When viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), the evidence that defendant repeatedly threatened to kill the victim, coupled with his stabbing her

with knives and beating her with the table leg, provided a valid line of reasoning and permissible inferences from which a rational jury could find defendant guilty of attempted assault in the first degree beyond a reasonable doubt (*see* Penal Law §§ 110.00, 120.10 [1]; *People v Bleakley*, 69 NY2d 490, 495). Furthermore, upon the exercise of our factual review power, we are satisfied that the verdict on this count was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, *supra* at 495).

Defendant further argues that he was deprived of his constitutional (US Const 6th, 14th Amends; NY Const, art I, § 6) and statutory (CPL 260.20) rights to be present at all material stages of his trial. "[T]he constitutional right to be present arises 'whenever [defendant's] presence has a relation, reasonably substantial, to the fullness of [the] opportunity to defend against the charge'" (*People v Morales*, 80 NY2d 450, 454, quoting *Snyder v Massachusetts*, 291 US 97, 105-106). "Conversely, there is no right when 'presence would be useless, or the benefit but a shadow'" (*People v Morales*, *supra* at 454 quoting *Snyder v Massachusetts*, *supra* at 106-107). "The right to be present under CPL 260.20 extends to every ancillary proceeding that is a 'material stage' of the trial, that is, proceedings in which a defendant's presence 'could have [had] a substantial effect on [his or her] ability to defend against the charges'" (*People v Roman*, 88 NY2d 18, 25-26, quoting *People v Sloan*, 79 NY2d 386, 392 [citations omitted]). "A defendant's presence is substantially and materially related to the ability to defend when the defendant 'can potentially contribute to the proceeding' under scrutiny" (*People v Roman*, *supra* at 26, quoting *People v Sprowal*, 84 NY2d 113, 118).

Defendant cites to two instances supporting his claim that his right to be present was violated. First, County Court conducted a precharge conference without his presence which culminated in a brief inquiry by the court to his counsel as to whether the case could be resolved by a guilty plea in exchange for a 15-year determinate sentence. Defense counsel opined that he did not know. The District Attorney indicated that, based upon previous conversations, it was his impression that defendant was not interested in a plea so there was no point in pursuing it. Generally, a defendant's presence is not required at a precharge conference, an ancillary proceeding (*see People v Horan*, 290 AD2d 880, 884), because it involves only questions of law (*see People v Rodriguez*, 85 NY2d 586, 591). The fact that a possible plea bargain was also raised here did not violate defendant's constitutional right to be present since the confer-

ence presented no opportunity for him to defend against the charges.

We turn to defendant's contention that he was absent from sidebar interviews conducted by County Court of several venire members concerning possible bias. We note that since jury selection is not a " 'core' proceeding critical to the outcome of a criminal trial" (*People v Roman, supra* at 25, quoting *People v Sprowal, supra* at 117), the right of a defendant to be present at a sidebar conference is strictly a statutory one under CPL 260.20 (*see People v Roman, supra* at 25). "A defendant's presence at sidebar interviews of prospective jurors for bias or hostility during jury selection is generally required because of the potential input the defendant can give defense counsel in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror's responses on voir dire" (*id.* at 26 [citation omitted]).

In this case, the People initially argue that defendant waived his right to be present at these sidebar discussions. While the record shows that defense counsel did waive defendant's right to be present at sidebar *legal* discussions, that waiver did not encompass interviews of prospective jurors concerning juror bias because County Court failed to "articulate[ ] the substance of the *Antommarchi* [*People v Antommarchi*, 80 NY2d 247] right" (*People v Keen*, 94 NY2d 533, 538-539).

Since there was no waiver herein, turning to the merits, we note that a defendant's exclusion from the interview of a venire person will not require reversal if the venire person is excused by the court for cause or excused upon the peremptory challenge of the People. In those situations, a defendant's presence cannot reasonably be said to provide him or her with an opportunity for meaningful input on the decision to excuse the venire person (*see People v Maher*, 89 NY2d 318, 325; *People v Roman, supra* at 28). Here, all but two of the prospective jurors in question were discharged for cause. In addition, one was excused on a peremptory challenge by the People. However, one, prospective juror No. 4, was excused on a peremptory challenge by defense counsel. Therefore, defendant may not have been afforded "a full and fair opportunity to give meaningful input regarding the discretionary decision to challenge [that prospective juror]" (*People v Roman, supra* at 29). The voir dire minutes do not indicate whether defendant was absent when County Court interviewed prospective juror No. 4. The record reveals that, at the beginning of the questioning of the first prospective juror, defendant was not present. When County Court asked where defendant was, defendant's counsel replied,

"They're bringing him in." There is no further reference in the minutes to indicate defendant's entry into the room. Under the circumstances, before we can resolve defendant's *Antommarchi* claim, the case must be remitted to County Court to conduct a reconstruction hearing (*see People v Lucious*, 269 AD2d 766, 768-769) to determine whether defendant was present during the interview of prospective juror No. 4. Accordingly, this appeal must be held in abeyance pending further proceedings in County Court.

Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court of Sullivan County for further proceedings not inconsistent with this Court's decision.