■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUONG H. HA, Appellant. [787 NYS2d 731]—

Peters, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered September 13, 2002, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was charged with the crimes of assault in the second degree and endangering the welfare of a child arising out of a domestic dispute. After trial, a jury found him guilty of assault in the second degree. The numerous assertions of error raised on appeal include the contention that County Court failed to secure a waiver of defendant's statutory right to be present during sidebar questioning of prospective jurors concerning bias and hostility (*see People v Roman*, 88 NY2d 18, 26 [1996]).

To be sure, a defendant has a statutory right to "be personally present during the trial of an indictment" (*People v Velasquez*, 1 NY3d 44, 47 [2003]; *see* CPL 260.20). This includes the right to be present at sidebar conferences conducted with prospective jurors concerning their possible bias or hostility (*see People v Roman, supra* at 26). A defendant's presence is found significant "because of the potential input the defendant can give defense counsel in making discretionary choices during jury selection, based on impressions gained from seeing and hearing the juror's responses on voir dire" (*id.* at 26). This right may be waived if such waiver is voluntary, knowing and intelligent (*see People v Maher*, 89 NY2d 318, 325 [1996]; *People v Vargas*, 88 NY2d 363, 375-376 [1996]).

Here, defendant was represented by counsel, provided with an interpreter and advised of his right to be present at sidebar conferences regarding biases and hostilities of venire members. Although defendant was present in the courtroom during jury selection, it appears that bench discussions were held regarding the potential bias of prospective jurors without defendant. No affirmative waiver of his right to be present was placed on the record.

Sidebar discussions are permitted in defendant's absence when the questions relate to a juror's qualifications, such as family obligations or physical impairments. However, absent a waiver, defendant should be present if the intent is to "explore prospective jurors' backgrounds and their ability to weigh the evidence objectively" (*People v Antommarchi*, 80 NY2d 247, 250 [1992]). Because the sidebar conferences at issue here addressed prospective jurors' biases regarding domestic violence and individuals of Vietnamese origin, we find that defendant should have been provided with "the opportunity to assess the juror's 'facial expressions, demeanor and other subliminal responses' " (*id.* at 250, quoting *People v Sloan*, 79 NY2d 386, 392 [1992]).

Where there is no specific waiver by defendant, reversal is not required when, because of the matter at issue or the practical result of the determination of the matter, defendant's presence could not have afforded him any meaningful opportunity to affect the outcome (*see People v Roman, supra* at 26). Here, because the record does not enable us to discern whether all venire members who were questioned were excused by County Court for cause or upon the peremptory challenge of the People, this matter must be remitted to County Court for a reconstruction hearing (*see People v Elliot*, 299 AD2d 731, 735 [2002]).

Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the decision is withheld, and matter remitted to the County Court

of Broome County for further proceedings not inconsistent with this Court's decision.