People v Myers (2018 NY Slip Op 05225)





People v Myers


2018 NY Slip Op 05225


Decided on July 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 12, 2018

107200

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ARIEL MYERS, Appellant.

Calendar Date: May 30, 2018

Before: Egan Jr., J.P., Lynch, Mulvey, Aarons and Pritzker, JJ.


Dennis J. Lamb, Troy, for appellant, and appellant pro se.
Joel E. Abelove, District Attorney, Troy (Jacob B. Sher of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Rensselaer County (Ceresia, J.), rendered April 25, 2014, upon a verdict convicting defendant of the crimes of assault in the first degree and criminal possession of a weapon in the second degree.
In 2009, the victim was shot in the head after witnessing and taking pictures of a fight outside his home. The victim underwent multiple surgeries but eventually went into a vegetative coma. In connection with this shooting, defendant was charged by indictment with attempted murder in the second degree, two counts of assault in the first degree and two counts of criminal possession of a weapon in the second degree. Following a jury trial, defendant was convicted of one count of assault in the first degree and one count of criminal possession of a weapon in the second degree. This Court affirmed the judgment of conviction, but the Court of Appeals reversed and ordered a new trial, finding that County Court's Molineux ruling was an abuse of discretion and did not constitute harmless error (22 NY3d 1010, 1011 [2013], revg 105 AD3d 1250 [2013]). Upon defendant's retrial, defendant was convicted of one count of assault in the first degree and one count of criminal possession of a weapon in the second degree. County Court thereafter sentenced defendant to an aggregate prison term of 25 years, to be followed by five years of postrelease supervision. Defendant appeals.
In view of his general motion to dismiss made at the close of the People's case-in-chief and his failure to renew such motion at the close of all proof, defendant failed to preserve his contention that verdict was not supported by legally sufficient evidence (see People v Place, 152 [*2]AD3d 976, 977 [2017], lv denied 30 NY3d 1063 [2017]; People v McRobbie, 97 AD3d 970, 971 [2012], lv denied 20 NY3d 934 [2012]). We nevertheless review the proof adduced as to each element of the challenged crimes in light of defendant's assertion that the verdict was against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]; People v Stacconi, 151 AD3d 1395, 1396 [2017]). Where, as here, a contrary result would not be unreasonable, we "weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (People v Bleakley, 69 NY2d 490, 495 [1987] [internal quotation marks and citation omitted]).
As pertinent here, a person is guilty of assault in the first degree when, "[w]ith intent to cause serious physical injury to another person, he [or she] causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). As also relevant here, a person is guilty of criminal possession of a weapon in the second degree when he or she possesses a loaded firearm "with intent to use the same unlawfully against another" (Penal Law § 265.03 [1] [b]).
At trial, several witnesses, including the victim's wife, testified that they had heard yelling and screaming outside in the neighborhood in the early morning. Frank Galaska, one of the victim's neighbors, stated that he went outside and saw a crowd of individuals fighting and arguing. The victim's wife testified that the victim went outside to take pictures of the crowd. As the victim was crouched down behind a vehicle and taking pictures, the victim's wife heard a male voice state, "And this is what you get," followed by a gunshot. The victim's wife then saw the victim lying on the driveway with blood all over the ground. Frank McGivern, another neighbor of the victim, testified that he watched the individuals fighting from inside his apartment and saw the victim taking pictures. McGivern further testified that he then saw "somebody's arm go up . . . and heard a pop and seen a flash." At that point, McGivern saw the victim fall to the ground and everyone started running. McGivern visually followed the individual who apparently fired the gun and identified him as defendant.
Viewing the foregoing evidence in a neutral light, we are satisfied that the verdict was supported by the weight of the evidence (see People v Mathews, 134 AD3d 1248, 1250 [2015]; People v Valverde, 122 AD3d 1074, 1075-1077 [2014], lv denied 27 NY3d 970 [2016]; People v Rojas, 121 AD3d 1427, 1429-1430 [2014], lv denied 24 NY3d 1221 [2015])[FN1]. Furthermore, the credibility of the witnesses, as well as any inconsistencies in their testimony, were fully explored at trial, and we perceive nothing in the record that renders their testimony incredible as a matter of law (see People v Novak, 148 AD3d 1352, 1356 [2017], lv denied 29 NY3d 1084 [2017]; People v Brabham, 126 AD3d 1040, 1043 [2015], lvs denied 25 NY3d 1160, 1171 [2015]). According deference to the jury's credibility determinations, we find no merit in defendant's challenge to the verdict as against the weight of the evidence (see People v Wright, 160 AD3d 1110, 1112 [2018]; People v Gunn, 144 AD3d 1193, 1194 [2016], lv denied 28 NY3d 1145 [2017]).
Defendant contends that his right to be present at sidebar conferences was violated when County Court questioned juror Nos. 104 and 220 outside his presence during jury selection. The [*3]parties dispute whether it can be gleaned from the record whether defendant was excluded from these sidebar conferences. Even if defendant was erroneously excluded from the sidebar conferences, "the error is not reversible if that potential juror has been excused for cause by the court or as a result of a peremptory challenge by the People" (People v Maher, 89 NY2d 318, 325 [1996]; see People v Roman, 88 NY2d 18, 27-28 [1996]). Because the record makes clear that juror Nos. 104 and 220 were dismissed for cause, remittal for a reconstruction hearing (see e.g. People v Duong H. Ha, 14 AD3d 877, 878 [2005]) or reversal for a new trial is not necessary (see e.g. People v Roman, 88 NY2d at 27-28; People v Drake, 138 AD3d 1396, 1396 [2016], lv denied 28 NY3d 929 [2016]).
We are unpersuaded by defendant's assertion that he was deprived of a fair trial when County Court permitted the People to elicit testimony about the victim's injuries notwithstanding the parties' stipulation that the victim sustained a serious physical injury (see People v White, 79 AD3d 1460, 1463 [2010], lv denied 17 NY3d 803 [2011]). Furthermore, County Court limited any prejudice by sustaining defendant's objections to some of the People's questions and instructing the jury that it was "not allowed to consider sympathy or passion at any time" (see id.). Based on the foregoing, defendant was not deprived of a fair trial on this ground.
Defendant argues that he should have been adjudicated as a youthful offender. We disagree. County Court weighed various mitigating circumstances, including defendant's age and lack of a criminal history. The court also noted the gravity of the committed crimes and the recommendation in the presentence report. Accordingly, we find that County Court did not abuse its discretion in declining to adjudicate defendant a youthful offender (see People v Strong, 152 AD3d 1076, 1077 [2017]; People v Green, 128 AD3d 1282, 1283 [2015]; People v Butler, 126 AD3d 1122, 1124 [2015], lv denied 25 NY3d 1199 [2015]). We are likewise unpersuaded by defendant's assertion that the imposed sentence was harsh and excessive (see People v Collier, 146 AD3d 1146, 1152 [2017], lv denied 30 NY3d 948 [2017]; People v Stanford, 130 AD3d 1306, 1310 [2015], lv denied 26 NY3d 1043 [2015]). Defendant's contention that the presentence report should not have contained information from the presentence report prepared in connection with his first trial is unpreserved for our review (see People v Davila, 238 AD2d 625, 626 [1997]).
Finally, County Court did not err in issuing an order of protection in favor of McGivern. We do, however, find that such order should not have been issued in favor of Galaska. A court may enter an order of protection for the benefit of a witness "who actually witnessed the offense for which defendant was convicted" (People v Somerville, 72 AD3d 1285, 1288 [2010]; see generally CPL 530.13 [4] [a]). Although Galaska testified that, on the date in question, he saw people screaming and arguing outside his apartment and the victim taking pictures, he further stated that he did not see who shot the victim and also admitted that he did not recognize any of the individuals who were arguing. Because Galaska did not witness the shooting, the order of protection issued in his favor must be vacated. Defendant's remaining contentions, including those in his pro se supplemental brief, have been considered and are without merit.
Egan Jr., J.P., Lynch, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the order of protection in favor of Frank Galaska, and, as so modified, affirmed.



Footnotes

Footnote 1:Defendant stipulated to the fact that the victim suffered a serious physical injury as a consequence of a gunshot wound to the head.