People v Wilkins (2019 NY Slip Op 06238)





People v Wilkins


2019 NY Slip Op 06238


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


230 KA 13-02068

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIAM A. WILKINS, ALSO KNOWN AS MUGSY, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered November 19, 2013. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, robbery in the first degree (three counts) and attempted robbery in the first degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is modified on the law by directing that the sentence imposed on count one of the indictment shall run concurrently with the consecutive sentences imposed on the remaining counts, and as modified the judgment is affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [3] [felony murder]), three counts of robbery in the first degree (§ 160.15 [2]), and two counts of attempted robbery in the first degree (§§ 110.00, 160.15 [2]), defendant contends that the judgment must be reversed because of several errors that Supreme Court made during jury selection and in its instructions to the jury. We reject those contentions.
Defendant contends that the court violated the rule in People v Antommarchi (80 NY2d 247, 250 [1992], rearg denied 81 NY2d 759 [1992]) when it conducted several sidebar conferences in his absence and that reversal is required with respect to two of those conferences. We disagree with defendant that reversal is required as a result of any violation of defendant's Antommarchi rights. It is well settled that a criminal defendant has a statutory right to be present at all material stages of the trial (see CPL 260.20; People v Sprowal, 84 NY2d 113, 117 [1994]), including the sidebar questioning of a prospective juror when the purpose of the questioning is "intended to search out a prospective juror's bias, hostility or predisposition to believe or discredit the testimony of potential witnesses" (Antommarchi, 80 NY2d at 250; see People v Velasquez, 1 NY3d 44, 47 [2003]; People v Sloan, 79 NY2d 386, 392 [1992]). Nevertheless, "reversal is not required when, because of the matter then at issue before the court or the practical result of the determination of that matter, the defendant's presence could not have afforded him or her any meaningful opportunity to affect the outcome" (People v Roman, 88 NY2d 18, 26 [1996], rearg denied 88 NY2d 920 [1996]). In determining whether the defendant's presence could have afforded him or her such an opportunity, the test is whether the record negates the possibility that the defendant "could have provided valuable input on his [or her] counsel's apparently discretionary choice to excuse those venire persons" (People v Feliciano, 88 NY2d 18, 28 [1996]). Thus, reversal is not required where the defendant's attorney does not exercise a choice to exclude a prospective juror, such as where a prospective juror is excused for cause or where the People have exercised a peremptory challenge to the prospective juror (see People v Camacho, 90 NY2d 558, 561 [1997]; Feliciano, 88 NY2d at 28; People v Lucious, 269 AD2d 766, 768 [4th Dept 2000]).
Here, we conclude that defendant had no opportunity to provide any input that might have affected the outcome regarding the relevant prospective jurors. One of the subject prospective jurors was sua sponte excused by the court for cause. Although defense counsel stated that he did not oppose that decision, the court had already made its determination when that statement was made, and thus "defendant's presence [at the conference regarding that prospective juror] could not have afforded him . . . any meaningful opportunity to affect the outcome" (Roman, 88 NY2d at 26).
We reach the same conclusion regarding the second prospective juror at issue. In this trial, which involved two defendants and two defense counsels, the record establishes that the court directed each defense counsel to independently exercise peremptory challenges, without input from the other defense counsel (cf. CPL 270.25 [3]). No objection to that procedure was raised. In addition, the record establishes that defense counsel for the codefendant exercised his peremptory challenges before defense counsel for defendant. Thus, the record demonstrates that the codefendant's defense counsel exercised a peremptory challenge to the second prospective juror, before defendant's defense counsel had any opportunity to consider whether to challenge that prospective juror. Thus, we further conclude that, under the circumstances of this case, defendant could not "have provided valuable input" (Feliciano, 88 NY2d at 28), or indeed any input, regarding the peremptory challenge of that prospective juror. Therefore, reversal is not required.
Although the court erred in instructing the jury, without a request for such an instruction from defendant, that it was to draw no adverse inference from defendant's failure to testify (see generally CPL 300.10 [2]), "the court's unrequested remarks . . . about defendant's possible failure to testify do not call for reversal" inasmuch as any error was harmless (People v Koberstein, 66 NY2d 989, 991 [1985]; see People v Robtoy, 144 AD3d 1190, 1192 [3d Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Robinson, 1 AD3d 985, 986 [4th Dept 2003], lv denied 1 NY3d 633 [2004], reconsideration denied 2 NY3d 805 [2004]). We also reject defendant's contention that reversal is required because the court sua sponte explained to the jury that the third person at defendant's table was a deputy and referred to defendant's custodial status. The court instructed the jury that "it was to draw no unfavorable inferences from the fact that defendant was in custody and unable to make bail, and the jury is presumed to have followed that instruction" (People v Pressley, 156 AD3d 1384, 1384 [4th Dept 2017], amended on rearg 159 AD3d 1613 [4th Dept 2018], lv dismissed 31 NY3d 1085 [2018]; see also People v Konovalchuk, 148 AD3d 1514, 1516 [4th Dept 2017], lv denied 29 NY3d 1082 [2017]; see generally People v Smith, 23 AD3d 415, 415 [2d Dept 2005], lv denied 6 NY3d 781 [2006]).
As defendant contends and the People correctly concede, however, the court erred in directing that the sentence on the felony murder count run consecutively to the consecutive sentences on the robbery and attempted robbery counts (see People v Glover, 117 AD3d 1477, 1478 [4th Dept 2014], lv denied 23 NY3d 1036 [2014], reconsideration denied 24 NY3d 961 [2014]; see generally People v Parks, 95 NY2d 811, 814-815 [2000]), and we therefore modify the judgment by directing that the sentence imposed on count one of the indictment, i.e., the felony murder count, run concurrently with the consecutive sentences imposed on the remaining counts. The sentence, as modified, is not unduly harsh or severe.
All concur except Curran, J., who dissents and votes to reverse in accordance with the following memorandum: I respectfully dissent and conclude that the violation of People v Antommarchi (80 NY2d 247 [1992], rearg denied 81 NY2d 759 [1992]) that occurred in this case requires reversal of the judgment and remittal for a new trial. The majority does not dispute that an Antommarchi violation occurred in this case when defendant did not attend a sidebar conference during which, inter alia, the codefendant's defense counsel used a peremptory challenge to strike a prospective juror. At that time, defendant had not yet waived—either expressly or by his conduct—the right to be present at sidebar conferences (see People v Flinn, 22 NY3d 599, 601 [2014], rearg denied 23 NY3d 940 [2014]).
Despite the Antommarchi violation, the majority concludes that reversal is not required because there was no possibility that "defendant's presence at [the sidebar conference] could . . . have afforded any meaningful opportunity to affect the outcome" (People v Davidson, 89 NY2d 881, 882 [1996]; see People v Roman, 88 NY2d 18, 26 [1996], rearg denied 88 NY2d 920 [1996]). Specifically, the majority concludes that defendant could not have affected the outcome [*2]of the relevant sidebar conference because he could not influence the codefendent's independent use of one of their 20 collective peremptory challenges. I disagree.
It is well settled that reversal for an Antommarchi violation is not required where a "potential juror has been excused for cause by the court or as a result of a peremptory challenge by the People" (People v Maher, 89 NY2d 318, 325 [1996]). Thus, I agree with the majority that there was no reversible error with respect to Supreme Court's sua sponte decision to excuse for cause a different prospective juror during a sidebar conference from which defendant was absent (see People v Feliciano, 88 NY2d 18, 28 [1996]). I disagree, however, with the majority's conclusion that defendant could not have affected the outcome of the relevant sidebar conference because nothing in the record supports the majority's determination that defendant could not have protested the codefendant's use of the peremptory challenge at that time.
CPL 270.25 (3) provides that, "[w]hen two or more defendants are tried jointly, the number of peremptory challenges prescribed in subdivision two is not multiplied by the number of defendants, but such defendants are to be treated as a single party. In any such case, a peremptory challenge by one or more defendants must be allowed if a majority of the defendants join in such challenge. Otherwise, it must be disallowed" (emphasis added). Defendant and the codefendant were collectively entitled to 20 peremptory challenges here because they were charged with, inter alia, murder in the second degree, a class A felony (Penal Law § 125.25 [3]; see CPL 270.25 [2] [a]). The majority's conclusion that defendant could not affect the codefendant's use of a peremptory strike and that, therefore, defendant's presence at the relevant sidebar conference could not have afforded him a meaningful opportunity to affect the outcome thereof hinges entirely on the assumption that the procedure set forth in CPL 270.25 (3) was not being followed during jury selection. I cannot accept that assumption.
Initially, I note that the People did not make the argument relied on by the majority in their respondent's brief, a point they conceded at oral argument on this appeal. In any event, the record is wholly devoid of support for the majority's conclusion that the court directed defense counsel to proceed in disregard of the requirements of CPL 270.25 (3). Before the relevant sidebar conference, the court stated that it had "indicated in chambers this morning that the [20] challenges afforded to the defendants will be a total or cumulative number." The court then asked the codefendant's defense counsel if he had any peremptory challenges to exercise, and the codefendant's defense counsel struck the prospective juror in question without any objection by defendant's defense counsel. Nothing about that minimal exchange demonstrates that CPL 270.25 (3) was not being followed at the time, that it did not apply to defendant's and the codefendant's use of peremptory challenges, or that defendant's defense counsel waived his right to oppose the exercise of peremptory challenges by the codefendant's defense counsel. Moreover, given the "presumption of regularity [that] attaches to judicial proceedings" (People v Walker, 117 AD3d 1578, 1578 [4th Dept 2014] [internal quotation marks omitted]; see generally People v Cruz, 14 NY3d 814, 816 [2010]; People v Hawkins, 113 AD3d 1123, 1125 [4th Dept 2014], lv denied 22 NY3d 1156 [2014]) and the lack of any evidence that the court deviated from the procedure set forth in CPL 270.25 (3), I conclude that CPL 270.25 (3) was being followed at the time of the relevant sidebar conference and that the assent of both defendant and the codefendant was therefore needed to use any of their joint peremptory strikes.
Because CPL 270.25 (3) was being followed at the time, I further conclude that the failure of defendant's defense counsel to object to the codefendant's use of a peremptory challenge to the prospective juror can only be construed as consent to the use of that challenge and, based on the record before us, should not be construed as meaning that defense counsel lacked the power to so object. "Because defendant might have provided valuable input regarding his attorney's discretionary decision to excuse [the prospective juror], the record do[es] not negate the possibility that defendant might have made a meaningful contribution to the proceeding" (Davidson, 89 NY2d at 883 [internal quotation marks omitted]; see generally Maher, 89 NY2d at 325; People v Allen, 300 AD2d 1098, 1098 [4th Dept 2002]).
Inasmuch as I conclude that defendant could have provided his defense counsel with some "valuable input" during the relevant sidebar conference from which he was absent, I cannot adhere to the majority's conclusion that the Antommarchi violation here does not warrant reversal (see Maher, 89 NY2d at 325; Davidson, 89 NY2d at 883).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court