■ MARK WEINER, Respondent, v HERSHMAN & LEICHER, P. C., et al., Appellants. [669 NYS2d 583] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered on or about May 1, 1997, denying defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

Plaintiff was injured and retained defendants to represent him in an action against the owner of a swimming pool. A motion by the defendants for summary judgment in that action was granted by the Supreme Court in Queens. That order was not appealed because of the admitted failure of defendants herein to file a timely Notice of Appeal and this action for legal malpractice and breach of contract ensued.

Initially, we note that the IAS Court properly denied defendants' motion pursuant to CPLR 3211 (a) (1). The only documentary evidence presented to the motion court was the prior order of the Queens Supreme Court granting summary judgment to the defendants in the underlying slip and fall case. This order was not incontrovertible proof that plaintiff would not prevail upon appeal.

However, the IAS Court erred in not granting the defendants' motion pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. There are three essential elements in an action for legal malpractice, the negligence of the attorney, that the negligence was the proximate cause of the loss sustained and proof of actual damages (*Mendoza v Schlossman*, 87 AD2d 606, 607). However, the plaintiff failed to allege that but for the negligence of the defendants, he would have prevailed in an appeal. The complaint and the papers submitted by plaintiff in opposition to the motion failed to refer to specific facts tending to show that the Queens court had improperly resolved the issues upon the summary judgment motion, and that, therefore, an appeal would be likely to succeed (*Franklin v Winard*, 199 AD2d 220, 221). Accordingly, the complaint and the supporting papers, devoid of facts and neglecting to allege the essential element of proximate cause, failed to state a cause of action for legal malpractice or breach of contract. Concur—Rosenberger, J. P., Ellerin, Nardelli and Rubin, JJ.