■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIL LEWIS, Appellant. [776 NYS2d 808]—

Judgment, Supreme Court, New York County (William A. Wetzel, J.), rendered April 4, 2000, convicting defendant, after a jury trial, of three counts of kidnapping in the first degree and two counts of assault in the first degree, and sentencing him, as a second felony offender, to three concurrent terms of 15 years to life consecutive to two concurrent terms of 8 years, unanimously modified, on the law, to the extent of directing that the sentence upon the assault conviction pursuant to Penal Law § 120.10 (4) under the fifth count of the indictment be served concurrently with the sentences on the kidnapping convictions, and otherwise affirmed.

The court properly denied defendant's application pursuant to *Batson v Kentucky* (476 US 79 [1986]). The record supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. This finding is entitled to great deference (*see People v Hernandez*, 75 NY2d 350 [1990], *affd* 500 US 352 [1991]), particularly with regard to matters of demeanor as to which the court made specific findings based on its own observations (*see e.g. People v George*, 300 AD2d 165 [2002], *lv denied* 99 NY2d 628 [2003]), and we do not find any disparate treatment by the prosecutor of similarly situated panelists.

Defendant has not established that he was excluded from a sidebar conference during jury selection (*see People v Velasquez*, 1 NY3d 44, 48 [2003]). In any event, there was no violation of defendant's right to be present, since the record warrants the inference that the court's dismissal of the juror constituted an uncontested excusal for cause, based on the juror's expression

of his own concern that he could not be impartial (see People v Garcia, 265 AD2d 171 [1999], lv denied 94 NY2d 862 [1999]).

The court properly denied defendant's request for an adverse inference instruction with regard to the victim's wife, since the People established that her testimony would have been cumulative to other evidence, including a tape recording (see People v Hughes, 180 AD2d 908, 909-910 [1992], lv denied 80 NY2d 1027 [1992]).

The evidentiary rulings challenged on appeal were proper exercises of discretion.

As the People correctly concede, the sentence for assault under the theory of assault in the course of a felony (Penal Law § 120.10 [4]) must run concurrently with the sentences on the kidnapping convictions (Penal Law § 70.25 [2]). We perceive no basis for further reducing the sentence. Concur—Tom, J.P., Ellerin, Williams and Marlow, JJ.