■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GERMAN, Appellant. [860 NYS2d 74]—

Judgment, Supreme Court, New York County (Roger S. Hayes,

J.), rendered August 22, 2006, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of three years, unanimously affirmed.

Defendant's argument that the prosecutor misled defense counsel as to a detective's potential testimony, thereby leading counsel to open the door to allegedly prejudicial evidence, is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Prior to trial, the prosecutor agreed not to elicit, on direct examination, a portion of defendant's statement to the police as to which there had been a disclosure issue. At trial, the prosecutor abided by this agreement. However, defense counsel, who had been made aware through the suppression hearing testimony of a different officer of the full content of defendant's statement, elicited the entire statement on cross-examination of the detective. In addition, counsel made affirmative use of the challenged portion of the statement, which was arguably exculpatory. Accordingly, there is no basis upon which to find any misconduct by the prosecutor or prejudice to defendant.

Defendant's challenge to the court's jury charge is also unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The court properly instructed the jury pursuant to *People v Dawson* (50 NY2d 311 [1980]) that a witness has no duty to volunteer exculpatory information to the authorities, and there was nothing prejudicial about the particular language challenged by defendant on appeal.

On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Trial counsel's failure to raise the issues suggested by defendant on appeal did not cause defendant any prejudice. Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ.