OPINION OF THE COURT
Memorandum.
Judgments of conviction affirmed.
Defendant was convicted, upon a jury verdict, of driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), two counts of resisting arrest (Penal Law § 205.30), and four counts of moving from a lane unsafely (Vehicle and Traffic Law § 1128 [a]). On appeal, defendant contends that he was denied his right to be present at sidebar conferences during the jury selection process.
The court reporter failed to note whether defendant was present at any of the sidebar conferences at issue during the jury selection process. Assuming that the record suffices to rebut the presumption of regularity with respect to defendant’s presence at sidebar conferences during the jury selection process (cf. People v Velasquez, 1 NY3d 44, 48 [2003]), we find no merit to defendant’s contention that he was denied his right to be present at those conferences (see People v Antommarchi, 80 NY2d 247, 250 [1992]). Insofar as the sidebar conferences resulted in a juror, whether prospective or sworn, being excused for cause (e.g. People v Camacho, 90 NY2d 558, 561 [1997]; People v Ha, 14 AD3d 877, 878 [2005]; People v Lewis, 7 AD3d 465 [2004]; People v Clark, 6 AD3d 1066, 1067 [2004]), or upon the prosecutor’s exercise of peremptory challenges (People v Maher, 89 NY2d 318, 325 [1996]), defendant had no “potential input [to] give defense counsel . . . based on impressions gained from seeing and hearing the juror’s responses on voir dire” (People v Roman, 88 NY2d 18, 26 [1996]; People v Garcia, 265 AD2d 171 [1999] [same]; see also People v Harris, 99 NY2d 202, 212 [2002]), and thus, there was no violation of defendant’s right to be present. We note that any issue as to the propriety of the court’s determination that a given prospective juror should have been excused for cause is unpreserved for appellate review (People v Warren, 272 AD2d 165 [2000]; People v Pagan, 256 AD2d 361 [1998]). Insofar as the sidebar conferences concerned defense counsel’s exercise of peremptory challenges, involved no *4 questioning of prospective jurors, and amounted to “mere preliminary advisement[s] of the court of challenges” which were subsequently effectuated in open court when defendant was present and afforded an opportunity to consult with counsel, the conferences did not constitute material parts of the trial at which defendant’s presence, absent a waiver, was mandated (People v Velasco, 77 NY2d 469, 473 [1991]; see People v Rolle, 4 AD3d 542, 543 [2004]; People v Firrira, 258 AD2d 666 [1999]).
We also cannot agree with defendant’s contention that the prosecution violated defendant’s Rosario and Brady rights. Ms. McKenna, defendant’s spouse, testifying for the defense, stated that she never called the station house where defendant was being held the morning after his arrest. To impeach her testimony in that respect, the People then disclosed, for the first time, a tape of defendant’s telephone conversation with his spouse, who had in fact made such a call, and wherein defendant stated that he had been assaulted by the arresting officers. The defense moved to dismiss the charges or, in the alternative, to preclude the evidence, alleging the disclosure violations. The court properly denied the motions, as the recording was not material required to be produced within the contemplation of the discovery statute (CPL 240.20 [1] [a]; People v Medina, 208 AD2d 974, 975 [1994]; see also People v Lee, 167 AD2d 354, 355 [1990]), and even if it were, it cannot be said that defendant was “substantially prejudiced” by the delayed disclosure (People v Banch, 80 NY2d 610, 617 [1992]; People v Ranghelle, 69 NY2d 56, 63 [1986]). The court allowed defense counsel to consult with defendant and the witness before cross-examination continued, offered the defense the opportunity to recall any witness it wished, granted limiting and curative instructions, afforded counsel leave to comment in summation in whatever fashion it deemed necessary to cure prejudice, and sustained counsel’s objection to the tape being played for the jury. Apparently, the jury learned nothing more about the recording than the fact that it contained matter which, the witness acknowledged, refreshed her memory as to the fact of her call. The defense made no further use of the tape, demanded no curative instructions with respect to it, recalled no witnesses, and did not refer to the matter on summation. Thus, it cannot be said that defendant was unable to make such use of the material as it may have afforded the defense {e.g. People v Best, 186 AD2d 141 [1992]) or otherwise suffered substantial prejudice.
Similarly, we find no Brady violation resulting from the People’s failure to turn over the recording. The Brady rule does *5 not require that a prosecutor produce evidence of which the defendant is aware or may reasonably be held to be aware, however exculpatory (People v Doshi, 93 NY2d 499, 506 [1999]; see also People v LaValle, 3 NY3d 88, 109-110 [2004]; People v Gray, 284 AD2d 664, 665 [2001]; People v Quinones, 228 AD2d 796, 798 [1996]). As defendant is presumed to be aware of his own prior statements as well as any exculpatory matter included therein, the recording was not Brady material (People v Singh, 5 AD3d 403 [2004]).
Defendant also alleges reversible error based on a reference by a police witness, in response to defense counsel’s questioning on cross-examination, to the fact that he learned that defendant’s spouse was a witness to certain of the events surrounding defendant’s stop and arrest because he “read it in the lawsuit.” The answer violated a stipulation that there would be no reference to defendant’s civil action against the Town of Northport and certain of its police employees. The record reveals that on several occasions prior to the officer’s statement, defense counsel referred by name to the attorney representing the Town in the federal court action. The court interrupted the inquiry, warning counsel that he was close to eliciting the very information he sought to preclude and urging that counsel refrain from further reference to the Town’s attorney. Thus, when counsel continued to question the witness as to the source of his information, he did so at his own peril and cannot now complain of error (e.g. People v German, 52 AD3d 343, 344 [2008]; People v McFadden, 261 AD2d 419 [1999]; People v Rodriguez, 224 AD2d 346 [1996]). In any event, as the witness neither identified the parties to the suit nor revealed anything of its nature (see People v Ahmad, 20 Misc 3d 134[A], 2008 NY Slip Op 51481[U] [App Term, 9th & 10th Jud Dists 2008]), an inference of actual prejudice would be purely speculative.
In light of the foregoing, we need not address defendant’s remaining contentions.
Accordingly, the judgments of conviction are affirmed.
Molía and LaCava, JJ., concur; Tanenbaum, J.E, taking no part.