## Xiuwen Qi v Hang & Assoc., PLLC

2024 NY Slip Op 33089(U)

September 3, 2024

Supreme Court, New York County

Docket Number: Index No. 151821/2023

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. MARY V. ROSADO                          PART            33M

                                                    *Justice*

-------------------------------------------------------------------X

XIUWEN QI,                                           INDEX NO.        151821/2023

                          Plaintiff,                MOTION DATE      8/6/2024

        - v -                                       MOTION SEQ. NO.     002

HANG & ASSOCIATES, PLLC, JIAN HANG, JIAJING FAN,
SHAN ZHU, ZHANGYUXI WANG,

                          Defendant.                **DECISION + ORDER ON
                                                    MOTION**

-------------------------------------------------------------------X

HANG & ASSOCIATES, PLLC, JIAN HANG, JIAJING FAN,    Third-Party
SHAN ZHU, ZHANGYUXI WANG                            Index No.  595524/2023

                          Plaintiff,

        -against-

TROY LAW PLLC, JOHN TROY, TIFFANY TROY, AARON
SCHWEITZER

                          Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 54

were read on this motion to/for                    _____DISMISSAL_____.

Upon the foregoing documents, and after oral argument, which took place on May 28, 2024, where Aaron M. Barham, Esq. appeared for Defendants/Third-Party Plaintiffs Hang & Associates, PLLC, Jan Hang, Jiajing Fan, Shan Zhu, and Zhangyuxi Wang (collectively "Defendants/Third-Party Plaintiffs") and Robert J. Bergson, Esq. appeared for Third-Party Defendants Troy Law PLLC, John Troy, Tiffany Troy, and Aaron B. Schweitzer (collectively "Third-Party Defendants"), Third-Party Defendants motion to dismiss the Third-Party Complaint against them is granted.

[* 1]

## I. Background

This is a legal malpractice action which Plaintiff Xiuwen Qi has asserted against his former attorneys (NYSCEF Doc. 2). Defendants/Third-Party Plaintiffs represented Plaintiff in a wage and hour lawsuit (*see Xiuwen Qi v Famous Sichuan New York Inc.*, Index No. 656826/2019) (the "Dismissed Action"). After failing to abide multiple discovery orders, Plaintiff, while represented by Defendants/Third-Party Plaintiffs, had his case dismissed. A motion seeking to restore Plaintiff's case to the trial calendar and to vacate Plaintiff's default was ultimately denied for failure to provide a reasonable excuse and meritorious defense.

Plaintiff then retained Third-Party Defendants to represent him in the instant malpractice action and to prosecute his wage and hour claims in a new action (*see Xiuwen Qi v Famous Sichuan New York Inc.*, Index No. 650984/2022) (the "New Action"). The New Action faced a motion for summary judgment based on the statute of limitations and the judge presiding in that case ruled that any claims accrued prior to March 2, 2016 were barred by the statute of limitations. There remains pending in the New Action a motion to renew based on clarification of the impact Governor Cuomo's Covid-19 Emergency Executive Orders had on the statute of limitations.

Meanwhile, Defendants/Third-Party Plaintiffs filed a Third-Party Complaint against Third-Party Defendants under a theory of contribution. They allege that when Third-Party Defendants took over representation of Plaintiff, they should have moved to reargue Justice Bluth's Decision denying restoring Plaintiff's case to the trial calendar in the Dismissed Action. They further argue that Third-Party Defendants contributed to Plaintiff's damages by not raising the Covid-19 statute of limitations toll in opposition to the summary judgment motion in the New Action.

Third-Party Defendants now move to dismiss the Third-Party Complaint. Third-Party Defendants argue there is no claim for contribution based on failure to reargue Justice Bluth's

**151821/2023  QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No.  002**

**Page 2 of 7**

2 of 7

[* 2]

order which refused to vacate Plaintiff's default because they cannot show that Plaintiff would have prevailed on the motion to reargue and any allegation that Plaintiff could have prevailed on that motion is couched in gross speculation. Likewise, they argue there is no contribution claim for failing to assert the Covid-19 toll in the New Action because First Department law regarding the toll was not settled and since being settled Third-Party Defendants have filed a motion to renew. In opposition, Defendants/Third-Party Plaintiffs argue that even if First Department law regarding the Covid-19 toll was not settled, case law in the Second Department was and Third-Party Defendants should have raised that persuasive authority. They also argue that Third-Party Defendants should have moved to renew/reargue Justice Bluth's order which denied vacating Plaintiff's default.

## II.     Discussion

### A.  Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

**151821/2023   QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No.  002**

Page 3 of 7

[* 3]

3 of 7

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). A court may not dismiss a complaint based on documentary evidence unless the factual allegations are definitively contradicted by the evidence (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

To survive a motion to dismiss in an action for legal malpractice, the allegations must show that but for counsel's alleged malpractice, a plaintiff would not have sustained some actual ascertainable damages (*Gopstein v Bellinson Law, LLC*, 227 AD3d 465, 466 [1st Dept 2024]). Speculative damages cannot be the basis of a malpractice claim (*Pellegrino v File*, 291 AD3d 60, 63 [1st Dept 2002], *lv denied* 98 NY2d 606 [2002]; *see also Heritage Partners LLC v Stroock & Stroock & Lavan LLP*, 133 AD3d 428, 429 [1st Dept 2015]; *Weiner v Hershman & Leicher, P.C.*, 248 AD2d 193 [1st Dept 1998] [failure to refer in complaint to specific facts indicating that he would prevail on appeal showing that trial court improperly resolved issues warranted dismissal of malpractice action premised on failure to perfect appeal]). Failure to establish proximate cause mandates dismissal of a legal malpractice action (*RTW Retailwinds, Inc. v Colucci & Umans*, 213 AD3d 509, 510 [1st Dept 2023] citing *Reibman v Senie*, 302 AD2d 290, 290-291 [1st Dept 2003]).

### B. Failure to Raise Covid-19 Toll on Statute of Limitations

The Court finds that the allegations regarding failing to raise the Covid-19 toll, prior to it being settled law in the First Department, and while a motion to renew is *sub judice*, cannot serve as a basis for a contribution claim against Third-Party Defendants. As a preliminary matter, these

**151821/2023  QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No.  002**

Page 4 of 7

[* 4]

allegations are not ripe for adjudication as there remains a pending motion to renew, where Third-Party Defendants brought to the Court's attention the application of the Covid-19 toll once the case law was settled in the First Department (*Parent Teacher Ass'n of P.S. 124M v Board of Educ. Of City School Dist. Of City of New York*, 138 AD2d 108 [1st Dept 1988] [controversy cannot be ripe if claimed harm may be prevented or significantly ameliorated by further administrative action]). It is total speculation that Plaintiff has been damaged as Plaintiff has not yet been definitively barred from having some of his claims restored pursuant to the Covid-19 toll (*Pellegrino v File*, 291 AD3d 60, 63 [1st Dept 2002], *lv denied* 98 NY2d 606 [2002]).

Moreover, the statute of limitations is mandatory and not discretionary, and as the law in the First Department regarding application of the Covid-19 toll has now been settled, Plaintiff's claims will likely be restored in the New Action (*see Murphy v Harris*, 210 AD3d 410 [1st Dept 2022]). Thus, Defendants/Third-Party Plaintiffs claims for contribution arising out of alleged malpractice for failure to raise the Covid-19 toll are dismissed.

### C. Failure to Reargue Decision Which Denied Vacating Default

Defendants/Third-Party Plaintiffs also fail to state a claim for contribution to a legal malpractice claim arising out of the failure to reargue the decision which denied vacating Plaintiff's default. Although Defendants/Third-Party Plaintiffs frame Justice Bluth's Decision and Order as one that simply removed the case from the trial calendar, they fail to recognize that Justice Bluth dismissed Plaintiff's complaint for multiple defaults of the Court's discovery orders. The multiple Court notices ordered Plaintiff to submit a discovery stipulation or to appear for a conference (*see* NYSCEF Docs. 31-33). After Plaintiff failed to do so, the case was dismissed not marked off the trial calendar as argued.

**151821/2023  QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No. 002**

Page 5 of 7

[* 5]

5 of 7

Pursuant to 22 NYCRR 202.27, Courts may dismiss a case or default a party for failure to appear at a scheduled conference (*see also Onewest Bank, FSB v Fox*, 191 AD3d 481 [1st Dept 2021]). It is axiomatic that to vacate a default or administrative dismissal, a party must show a reasonable excuse and meritorious defense (*Stewart v Petrolite Inc.*, 210 AD3d 546, 546 [1st Dept 2022]). This is why Justice Bluth denied Plaintiff's motion to vacate the dismissal – because Plaintiff had no reasonable excuse for neglecting multiple Court notices.

Defendants/Third-Party Plaintiffs fail to plead any facts which show what reasonable excuse Third-Party Defendants, which were the successor firm, could have articulated to vacate the default. Their allegations that Third-Party Defendants would have been successful on a hypothetical motion to reargue are therefore entirely speculative and insufficient to withstand a motion to dismiss (*Weiner v Hershman & Leicher, P.C.*, 248 AD2d 193 [1st Dept 1998]). Thus, these allegations may not serve as a basis for a third-party action alleging contribution, and the Third-Party Complaint is dismissed.

*[The remainder of this page is intentionally left blank.]*

**151821/2023   QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No.  002**

Page 6 of 7

6 of 7

Accordingly, it is hereby,

ORDERED that Third-Party Defendants' motion to dismiss is granted, and Defendants/Third-Party Plaintiffs Hang & Associates, PLLC, Jan Hang, Jiajing Fan, Shan Zhu, and Zhangyuxi Wang's Third-Party Complaint asserted against Third-Party Defendants Troy Law PLLC, John Troy, Tiffany Troy, and Aaron B. Schweitzer is hereby dismissed; and it is further

ORDERED that within ten days of entry, counsel for Third-Party Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 9/3/2024 | | _May V Rosa JSC_ |
|---|---|---|
| DATE | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☒ GRANTED ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**151821/2023   QI, XIUWEN vs. HANG & ASSOCIATES, PLLC ET AL**
**Motion No.  002**

Page 7 of 7

7 of 7